JOSEPH A. POOLE, RELATOR, v. ROBERT L. LAWRENCE ET AL., RESPONDENTS.

Submitted March 19, 1914—Decided May 19, 1914.

1. The duty of the clerk of a municipality governed by the statute commonly called the "Walsh act" (*Pamph. L.* 1913, *p.* 836), concerning the filing of a petition for the recall of an elective officer, is to ascertain whether or not the petition is signed "by the requisite number of qualified electors," and to make a certificate showing the result of such ascertainment, but he has no power to determine the legal qualifications of the officer sought to be recalled, nor the question whether he has actually held his office for one year.

2. When such an officer resigns and is immediately reappointed, such action does not vest him with a new term of office, but in deciding whether he has held office for more than one year, his service prior to such resignation and re-election is to be taken as a part of his service in determining whether he has actually held his office for at least one year.

On rule to show cause why a writ of *mandamus* should not be allowed.

Before Justices SWAYZE and BERGEN.

For the relator, *Durand, Ivins & Carton.*

For the respondents, *Edmund Wilson.*

The opinion of the court was delivered by

BERGEN, J. In this case a rule to show cause was allowed why a writ of *mandamus* should not issue compelling the clerk of the borough of Deal to examine and ascertain whether a petition for the recall of William Levy, one of the commissioners elected under the "Walsh act," is signed by the requisite number of qualified electors and to attach to the petition a certificate showing the result of his examination and submitting the same to the board of commissioners.

It is not denied but that the petitions were properly presented and apparently had the requisite number of signers. At the time the petition was filed against Levy another was filed against other commissioners and the clerk returned both petitions to the petitioners, giving as a reason for this action, in the petition against William Levy, that he, Levy, had not held office for one year. The facts disclosed are that Levy had served as a commissioner for more than a year when the petition was being circulated, and just before it was filed, he resigned, and on the 11th day of November, his resignation was accepted, and a call for a special meeting was then made for the next day, and on that day Levy was appointed to fill the vacancy caused by his resignation, and it is now urged that the clerk was justified in refusing to file the petition which was otherwise in due form, because he then determined that the resignation, and the immediate re-election of Levy, constituted a new term, dating from the 12th of November, 1913.

The statute of 1913 (*Pamph. L., pp.* 836, 844) requires the clerk within ten days after the filing of the petition to "examine and ascertain whether said petition is signed by the requisite number of qualified electors, and he shall attach to said petition his certificate showing the result of said examination." If the statute stopped here there could be no question about the duty of the clerk, but it is argued that the same section of the act contains a sentence which provides that no recall shall be filed against any officer until he has actually held his office for one year, and it became the clerk's duty to determine that question.

We do not think so. His duty is particularly set forth and limited to the ascertainment of whether or not the petition is signed by the requisite number of qualified electors and there his ministerial duty ends. In addition to this, we are of opinion that the resignation and immediate re-election of Levy to the same office constituted him a person who had held office for at least one year, otherwise the act would be a nullity, because every such officer could resign whenever proceedings were taken against him, be immediately re-elected,

and if he could not be proceeded against during the year following his reappointment or re-election, he could continue to hold office beyond the reach of any recall for his entire term by resigning just before the year had expired and be immediately re-elected. We think this is a case in which a peremptory *mandamus* ought to go because it is clear that the action of Mr. Levy is an attempt to evade the law by a very weak subterfuge.

The rule to show cause in this case will be made absolute and a peremptory *mandamus* allowed.