### KARWICK v. GRAJEWSKI.

1. Municipal Corporations—Recall Election—Compliance With Statute.

> Genuineness of signatures to recall petition may not be challenged except by matter appearing on face of petition, where there was showing by affidavit that signatures were genuine, as required by Act No. 44, Pub. Acts 1917.

2. Same—City Clerk May Not Determine Sufficiency of Reasons for Recall.

> City clerk has no authority under statute to determine sufficiency of reasons stated for recall of mayor; that being question for courts on proper proceedings by interested elector.

3. Same—Sufficiency of Signatures to be Determined from Petition and Poll Lists.

> Duties of city clerk in regard to petition for recall of mayor are entirely ministerial, and in determining whether petition contains requisite number of signatures with residence, street number, ward, and voting precinct of signers, he must make canvass from petition itself, except that he may examine poll lists of city to determine number of electors voting for governor at last preceding election.

4. Mandamus—Answer—Plea.

> On mandamus to compel city clerk to call election for recall of mayor, allegation in answer to show cause that many signatures appear more than once was too indefinite to require plea thereto.

5. Municipal Corporations—Recall Election—Clerk's Duty to Call Election.

> Where petition for recall of mayor filed with city clerk contained sufficient number of signatures and on its face complied with statute (Act No. 44, Pub. Acts 1917) it was duty of clerk to call election.

Certiorari to Wayne; Campbell (Allan), J. Submitted December 2, 1930. (Calendar No. 35,294.) Decided January 7, 1931.

Mandamus by John W. Karwick and another to compel Michael J. Grajewski, Jr., to call a recall election. From an order denying the writ, plaintiffs bring certiorari. Reversed.

*Peter P. Boyle (John J. Adamski,* of counsel), for plaintiffs.

*William Cohen,* for defendant.

McDONALD, J. The plaintiffs filed petitions with the city clerk to recall the mayor of Hamtramck, Michigan. The clerk refused to call an election. The plaintiffs petitioned the circuit court for a writ of mandamus. An order to show cause was issued. On the hearing the writ was denied. The plaintiffs here seek to review the judgment of denial by certiorari.

The issue involves the powers and duties of the city clerk under the recall statute, Act No. 44, Pub. Acts 1917 (1 Comp. Laws 1929, §§ 3383, 3384, 3385), the applicable parts of which are as follows:

"SEC. 2. * * * Petitions demanding the recall of the mayor shall be filed with, the city clerk. The petition shall be signed by at least twenty-five per centum of the number of electors who voted for the governor at the last preceding election in the election district of the official sought to be recalled. * * * Said petition, or part thereof, shall be printed or typewritten and shall state clearly the reason or reasons for said demand. The signatures thereto shall be in writing and shall state the ward, precinct and street number or township in which said petitioner lives. The circulator of the petition, or his agent or representative thereof, shall attach thereto the affidavit that the said signatures are the signatures of qualified electors; that they are genuine and made in good faith for the purposes set

forth in said petition but no such petition shall be circulated against any officer until he has actually performed the duties of his office for a period of forty-five days for a legislative office, and three months for any other office.

"SEC. 3. Whenever a petition signed as provided in section two of this act is filed against any officer, a special election shall be called within five days thereafter by the official with whom such petition shall have been filed."

The city clerk claims very wide authority under this statute in determining whether he should call an election. He claims the right to investigate the genuineness of the signatures and any matter relating to fraudulent signing or circulation of the petition. He claims the right to determine whether the reasons for recall are sufficient in law and the right to consider extrinsic evidence in canvassing the petition.

As to investigating the genuineness of the signatures, it will be noted the statute provides that there shall be attached to the petition an affidavit showing that the signatures are genuine; that they are of qualified electors and made in good faith for the purposes set forth in the petition. This showing by affidavit is at least *prima facie* evidence of the genuineness of the signatures and cannot be challenged except by matter appearing on the face of the petition. It cannot be disproved by extrinsic evidence. The language of the court in *Thompson* v. *Secretary of State*, 192 Mich. 512, is applicable here and we think it decisive of this question. That case involved the powers and duties of the secretary of State in canvassing petitions for a referendum on an act of the legislature. It was claimed that there was gross fraud in procuring signatures to the peti-

tions; that many of the signers were not qualified electors and that names were written on the petition by the circulators without the consent of those who were purported to have signed them. The court said:

"The duties charged upon the secretary by the referendum section of the Constitution are purely ministerial, and his action must be based upon the face of the petition as it is received at his office. Other evils of a serious nature might result if initiative and referendum petitions could be held up pending investigations of uncertain length, and those evils were undoubtedly in mind when the constitutional amendment was framed and adopted without making provisions for such an investigation. * * * He must canvass the petition as it is filed in his office and can look no further."

The statute gives the city clerk no authority to determine the sufficiency of the reasons stated for recall. That is a question which the courts will determine on proper proceedings by any interested elector. In support of his authority to determine whether the reasons are sufficient, the defendant cites *Newberg* v. *Donnelly,* 235 Mich. 531, and *People* v. *O'Hara,* 246 Mich. 312, but in neither of these cases was that question raised or considered by the court.

The recall statute vests no discretion in the city clerk or other official with whom the petitions are required to be filed. His duties are entirely ministerial. They are confined to such an investigation only as will enable him to determine whether the petitions contain the requisite number of signatures with the residence, street number, ward, and voting precinct of the signers. Excepting that he may examine the poll lists of the districts of the city of Hamtramck to determine the number of electors vot-

ing for governor at the last preceding election, he must make the canvass from the petition itself.

The requisite number of signatures to a petition for the recall of the mayor of Hamtramck is 1,632. The petition filed contained 2,413 names verified as genuine by the circulators in the form required by the statute. With one exception, the various reasons assigned by the clerk for refusing to call an election relate to defects not appearing on the face of the petition. The exception is the allegation in the answer to show cause that many signatures appear more than once. The truth of this allegation may be determined from the face of the petition. If the clerk examined the petition he must have known exactly how many names appeared more than once. His indefinite statement in the allegation was not sufficient to require a plea thereto on the part of the plaintiff. No plea was filed. None was necessary. The petition contained the requisite number of names. It was the duty of the clerk to call an election.

The judgment of the circuit court is reversed, and the cause remanded with directions to issue the writ of mandamus as prayed, but without costs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.