STATE ex rel GOODHOPE, et al, Plaintiffs, v. LEYSE,
Defendant.

(244 N. W. 529.)

(File No. 7480.   Opinion filed October 10, 1932.)

*W. O. Knight, Odean Hareid, H. C. Mundt,* and *James O. Berdahl,* all of Sioux Falls, for Plaintiffs.

*L. E. Waggoner* and *T. M. Bailey,* both of Sioux Falls, for Defendant.

RUDOLPH, J.   This is an original proceeding in this court, seeking a writ of mandamus to compel the defendant, city auditor of Sioux Falls, to certify as sufficient, under the provisions of

section 6332, Rev. Code 1919, a certain petition filed in his office asking for an election to remove the mayor of the city. The petition for the writ alleges that the city of Sioux Falls is governed by a board of commissioners, and that the defendant is the duly qualified auditor of the city. The petition further alleges that on the 25th day of June, 1932, the plaintiffs caused to be filed in the office of the defendant a petition asking that the mayor of the city be removed from office; that the petition was in regular form and signed by the requisite number of qualified electors; that after certain court proceedings instituted by the mayor were dismissed by the court, the defendant auditor certified said petition as insufficient; that thereafter the plaintiffs filed an amended petition within the time allowed by law, which petition was regular in form and signed by the requisite number of qualified electors, and which petition was also certified as insufficient by the auditor. The petition then alleges a conspiracy among the defendant, the mayor, and the city attorney with the purpose of preventing the filing of the recall petition, and further alleges that the defendant auditor acted fraudulently and arbitrarily in certifying the recall petition as insufficient. The return of the defendant denied the sufficiency of the recall petition, denied the alleged conspiracy, and that he acted fraudulently or arbitrarily. The return then proceeded to allege facts which disclose that in ascertaining the sufficiency of the recall petition, the defendant did not confine himself to the face of the petition, but sought other means of determining whether the signers of the petition were in fact qualified electors. A fair construction of the return indicates that the petition upon its face meets the requirements of the statute. The plaintiff demurred to the return of the auditor, and it is the sufficiency of the return that is now before us for our consideration.

Section 6332, Rev. Code 1919, provides as follows:

"The procedure to effect the removal of the mayor or a commissioner shall be as follows:

"A petition signed by the qualified electors of the municipal corporation equal in number to at least fifteen per cent of the entire number of electors voting at the last preceding annual municipal election at which a mayor or commissioner was elected, demanding the election of a successor to the mayor or commissioner

sought to be removed, shall be filed with the city auditor, provided that such petition shall contain a general statement of the grounds on which removal is sought. The signatures to the petition need not all be appended to one paper, but each signer shall add to his signature his place of residence, by street and number or otherwise, and one of the signers of each paper shall make oath before an officer authorized to administer oaths that the statements therein made are true and that each signature is the genuine signature of the person whose name purports to be thereunto subscribed. Within ten days from date of the filing of such petition the city auditor shall examine the same and ascertain whether or not it is signed by the requisite number of qualified electors, and shall attach to such petition his certificate showing the result of such examination. If by the auditor's certificate the petition is shown to be insufficient, an amended petition may be filed within ten days from the date of such certificate. Within ten days after the filing of such amended petition the city auditor shall make like examination thereof and if his certificate shall show the same to be insufficient it shall be returned to the persons filing the same, without prejudice to the filing of a new petition to the same effect. * * * "

■ The question here presented is the nature and extent of the auditor's power and authority in passing upon the sufficiency of the petition filed with him under the provisions of the above section of our Code. A determination of this question will, in our opinion, dispose of this demurrer.

It will be noted that the provisions of the above section, relative to the duties of the city auditor on the filing of a petition in his office, are entirely different from other sections of our Code, relative to the filing of a petition with a certain designated officer for the purpose of setting in motion political machinery, wherein the matter referred to in the petition is ultimately submitted at an election. Under the provisions of the above section 6332, it is specifically made the duty of the city auditor to "ascertain whether or not it [the petition] is signed by the requisite number of qualified electors." The method of determining this question by the auditor will, in our opinion, determine the nature of this duty which the statute has placed upon him. If the statute contemplates that it is the duty of the auditor to look only to the face of the

petition and ascertain from it whether it is signed by the requisite number of qualified electors, then the duty placed upon the auditor involves no discretion to be exercised by him, and as we construe the return in this case, it would have been the auditor's duty to certify the petition as sufficient. The plaintiffs contend that the sufficiency of the petition is to be determined by the auditor from the petition itself. The plaintiffs maintain that the statute, wherein it provides that "the city auditor shall examine the same [the petition] and ascertain," clearly indicates that the auditor should be confined in his examination to the petition itself. With this construction of the statute we do not agree. It is true that the duty is placed upon the auditor to examine the petition, and it is equally true that the duty is placed upon the auditor to ascertain whether or not it contains the signatures of the requisite number of qualified electors; the statute does not say that he shall ascertain this fact from the petition, except as it may be implied from the fact that it is made the auditor's duty to examine the petition. We do not believe this implication would be justified. Had it been the intention to confine the auditor to the petition in ascertaining its sufficiency, this could have been very simply and clearly expressed by inserting after the word "ascertain" in the statute, the words "from it." This, however, was not done, and the duty of the auditor to "ascertain," as we view it, is without any limitation in the statute. This construction, we believe, is a reasonable construction when considered in the light of other similar statutes. For example: The Nebraska statute is as follows, "within ten days from the date of filing such petition, the City Clerk shall examine it and from the voters' register * * * ascertain," etc. Comp. St. 1911, c. 14a, art. 3, § 36. See State ex rel Topping v. Houston, 94 Neb. 445, 143 N. W. 796, 50 L. R. A. (N. S.) 227. California, North Dakota, and many other states have similar statutes. The point is simply this, that in many of the recall statutes, it is in the first place made the duty of the city auditor to examine the petition, and in the second place it is made his duty to ascertain the sufficiency of the petition with the method that he is to pursue fixed by the statute. Thus, it will be observed that this duty to examine the petition rests upon the auditor under similar statutes, even where the statute prescribes a method for determining the sufficiency of the petition. It, therefore, does not seem reasonable to say that

simply because the statute provides that the auditor should examine the petition, that this implies that he shall ascertain its sufficiency from this examination. There is no express limitation placed upon the auditor under our statute as to the method he should pursue in determining the sufficiency of the petition, and to imply a limitation because it is also made his duty to examine the petition, we believe, would be reading into the statute something that is not there.

We do not believe that it would be helpful to cite cases construing similar statutes. Many of the statutes differ from ours, and those that approximate ours are not identical. However, the decisions under the statutes that are nearest like our own are not in accord. We are of the opinion that under our statute, it is the duty of the anditor to ascertain whether or not the petition is signed by the requisite number of qualified electors, in such a manner as he deems reasonable. In performing this duty the auditor exercises discretion and acts in a quasi judicial capacity. "The term 'quasi judicial' is used to describe acts, not of judicial tribunals usually, but acts of public boards and municipal officials, presumed to be the product or result of investigation, consideration, and human judgment, based upon evidentiary facts of some sort, in a matter within the discretionary power of such board or officer." Hoyt v. Huges County, 32 S. D. 117, 142 N. W. 471, 473. The nature of the duty of the city auditor being quasi judicial, any action on his part, in certifying the sufficiency of the petition, can only be reviewed upon appeal, unless he has acted arbitrarily or fraudulently. The statute here under consideration does not provide for an appeal, and we are of the opinion, therefore, that the action of the auditor becomes final, except in the event that the auditor has abused his discretion by acting fraudulently or arbitrarily, in which case his action may be reviewed by mandamus. See Hoyt v. Hughes County, supra; Farmers' Loan & Trust Bank v. Hirning, 42 S. D. 52, 172 N. W. 931.

The petition in this case alleges that the auditor, in certifying the petition as insufficient, acted fraudulently and arbitrarily. The return denies that the auditor acted fraudulently or arbitrarily, and alleges that the auditor, in certifying the petition as insufficient, acted in good faith. From what has been said above it follows

that, in our opinion, fact issues have been raised by these pleadings, and that the demurrer to the return should be overruled.

This is an original proceeding in this court, and we are not inclined to hear the evidence which it is necessary to present in order to have the issues determined. It, therefore, becomes necessary that this court appoint a referee to hear the evidence and to report to this court his findings of fact and conclusions of law, which he will do in accordance with the rules of court for trial courts of record, rules 34 to 44, inclusive. In this connection it should be pointed out that the return admits that a certain number of signatures upon the petition are those of qualified electors. The referee, therefore, should determine whether or not signatures rejected by the auditor, in a number sufficient to meet the statutory requirement to make the petition sufficient, are in fact the signatures of qualified electors. The referee should also determine whether or not the defendant's rejection of any of the signatures of qualified electors appearing upon the petition was arbitrary or fraudulent, and determine the number, if any, rejected arbitrarily or fradulently.

The questions, of course, are to be determined in view of the pleadings and the evidence received by the referee at the hearing.

The demurrer filed herein is overruled, and an order of reference will be entered.

CAMPBELL, P. J., and POLLEY, J., concur.
WARREN, J., concurs in result.
ROBERTS, J., dissents.

ROBERTS, J. (dissenting). The majority opinion holds that the city auditor performs a quasi judicial function in certifying to the sufficiency or insufficiency of a recall petition, and that the action of the auditor is final without showing of fraud or bad faith. In my opinion the duty of the city auditor is ministerial, and except that he may examine the poll lists to determine the number of electors voting at the last preceding annual election at which a mayor or commissioner was elected, he is required to make his investigation and determination from the petition itself. The mere determination of the number of votes cast at the last preceding annual municipal election, involving no exercise of judgment and discretion, is ministerial and not judicial in nature.

The applicable part of section 6332, Rev. Code 1919, reads as follows: "The signatures to the petition need not all be appended to one paper, but each signer shall add to his signature his place of residence, by street and number or otherwise, and one of the signers of each paper shall make oath before an officer authorized to administer oaths that the statements therein made are true and that each signature is the genuine signature of the person whose name purports to be thereunto subscribed. Within ten days from the date of the filing of such petition the city auditor shall examine the same and ascertain whether or not it is signed by the requisite number of qualified electors, and shall attach to such petition his certificate showing the result of such examination. If by the auditor's certificate the petition is shown to be insufficient, an amended petition may be filed within ten days from the date of such certificate. Within ten days after the filing of such amended petition the city auditor shall make like examination thereof and if his certificate shall show the same to be insufficient it shall be returned to the persons filing the same, without prejudice to the filing of a new petition to the same effect; but if the petition shall be found sufficient, the city auditor shall submit the same to the board of commissioners forthwith."

It will be noted that the statute requires a vertification of the stated facts which would include the qualification of electors. A petition purporting to be signed as provided by this statute and properly verified is prima facie proof that the persons whose names appear thereon are qualified electors. Kaesser v. Becker, 295 Mo. 93, 243 S. W. 346; Karwick et al v. Grajewski, 253 Mich. 110, 234 N. W. 168.

Under the view of the majority opinion, it is the duty of the auditor to determine the qualification of each elector signing the petition. No procedure is provided for such determination, and there is no provision authorizing or directing a judicial review of his findings. The determination of the auditor, however erroneous, is final and conclusive without showing that he acted in bad faith. The Legislature has indicated no such intent. The language of the statute is that the auditor "shall examine the same [the petition] and ascertain whether or not it is signed by the requisite number of qualified electors." In determining the sufficiency of an amended

petition, the auditor is directed to make a "like examination thereof." No effect is given to the words "shall examine the same." It is a cardinal rule of construction that effect must be given, if possible, to the whole statute and every part thereof. The interpretation placed upon the statute by the prevailing opinion fails to give effect to and to harmonize the different provisions of the statute, and deprives parties in interest of a judicial review though jurisdictional essentials may not exist without declaration or indication of such purpose in the statute.

The statutes of other states providing for recall of municipal officers differ in phraseology, and an extended review of decisions would not be helpful. Similar statutes in other states containing provisions for the determination of the sufficiency of a recall petition by a ministerial officer and without mention of the consideration of extrinsic evidence have generally been construed to vest a ministerial and not a quasi judicial duty in such officer. State v. Becklay, 192 Wis. 367, 212 N. W. 792; Karwick v. Grajewski, supra; Keane v. Remy, 201 Ind. 286, 168 N. E. 10; Poole v. Lawrence, 86 N. J. Law 90, 90 A. 668.

Under the statutes of the states of California, Oklahoma, and Nebraska, it is held that the duties required to be performed by the filing officer are quasi judicial and vest in him discretion and judgment. The statutes or charter provisions construed by the courts of the states mentioned expressly authorize such officer to consider extrinsic evidence, and it necessarily follows that such provisions vest in the filing officer a discretionary or quasi judicial power. Conn v. City Council, 17 Cal. App. 705, 121 P. 714, 719; Dunham v. Addery, 43 Okl. 619, 143 P. 331, L. R. A. 1915B, 233, Ann. Cas. 1916A, 1148; State v. Houston, 94 Neb. 445, 143 N. W. 796, 50 L. R. A. (N. S.) 227.