STATE, ex rel BERDAHL, Appellant, v. NORSTAD, City Auditor, Respondent.

(266 N. W. 686.)

(File No. 7917. Opinion filed April 16, 1936.)

*James O. Berdahl, Odean Hareid, John C. Mundt,* and *Harold E. Covey;* all of Sioux Falls, for Appellant.

*T. M. Bailey* and *Hugh S. Gamble,* both of Sioux Falls, for Respondent.

PER CURIAM. Relator, Berdahl, and others filed in the office of the auditor of the city of Sioux Falls a petition asking that an election be called to submit to the voters of said municipality the question of the removal of the mayor. The city auditor, having examined said petition (section 6332, R. C. 1919), arrived at the opinion that it was not signed by the requisite number of qualified electors, and was therefore insufficient, and so certified. An amended petition was filed, and the auditor again made examination thereof and certified the same to be insufficient.

Relator thereupon instituted the present proceeding in the circuit court seeking mandamus to compel the auditor to accept the petition as valid and certify the sufficiency thereof.

The circuit court, after hearing, made and entered findings, conclusions, and judgment denying the writ, finding as a fact that the city auditor, in determining the petition to be insufficient, "* * * acted in good faith and did not act fraudulently or arbitrarily, * * *" but that he did act "* * * under a misapprehension of the law * * *" in rejecting certain names on said petition.

From this judgment, and from the judgment only, relator has appealed to this court.

■ Our statute with reference to these municipal recall elections is in some respects unique. We interpret it as conferring a very broad discretion upon auditors of municipalities. We had occasion to consider it with some care in State ex rel. Goodhope v. Leyse (1932) 60 S. D. 384, 244 N. W. 529, 531; Id. (1933) 61 S. D. 153, 246 N. W. 635. We there announced the rule to be that "the action of the auditor becomes final, except in the event that the auditor has abused his discretion by acting fraudulently or arbitrarily." Two legislative sessions have intervened since we announced our interpretation of this statute in the Goodhope Case, and such interpretation has appeared to meet with legislative approval, at least to the extent that the Legislature has not seen fit to amend or change the law.

■ ■ Appellant urges the case of State ex rel. Cook v. Richards (1932) 61 S. D. 28, 245 N. W. 901, as requiring some departure from our views as announced in the Goodhope Case. We do not think that the doctrine stated in the Richards Case is controlling here or applicable to the matter of the interpretation of the special statute here involved.

We are of the opinion that no valid factual or legal distinction can be drawn between the instant case and the Goodhope Case. We think now, as we thought and said then, that it was within the legislative power (bearing in mind that it is entirely within the authority of the Legislature to say whether the privilege of recall electons shall be extended to voters of municipalities in this state, and, if so, upon what terms and conditions and in what manner) to leave to the auditor the determination of the sufficiency of this petition and that such determination is not for judicial review by mandamus or other remedial writ, unless arrived at arbitrarily or

in bad faith. The circuit court affirmatively found (and there is no exception to such findings) that the auditor did not act arbitrarily, fraudulently, or in bad faith. We are therefore of the opinion that this case is controlled by the Goodhope Case, and the judgment appealed from is affirmed.

ROBERTS, J., concurs in the affirmance.

WARREN, J., having been absent from the oral argument, not sitting.