FONTANA v. LINDHOLM.

1. Municipal Corporations — Charter Amendments — Special Elections—Investigation of Petitions and Affidavits—City Clerks—Presumptions.

Under authority of statute relative to calling of special election for home rule city charter amendment, city clerk has authority to examine and make investigation as to genuineness of signatures on petition and truth or falsity of affidavits but in the absence of such an investigation petitions are presumed valid and he is under duty to call such election (1 Comp. Laws 1929, § 2261).

2. Same—Presumptions — Signatures — Affidavits — Burden of Proof.

Presumption of legality of petition for calling special election for home rule city charter amendment, arising when petition is filed in proper form and correct number of signatures thereon, vanished when city clerk found spurious signatures on petition, some affidavits of circulators were false and notary public had not made proper administration of oath required for an affidavit and where registered elector then failed to show such finding erroneous he is not entitled to writ of mandamus (1 Comp. Laws 1929, § 2261).

Appeal from Dickinson; Bell (Frank A.), J. Submitted February 11, 1936. (Calendar No. 38,694.) Decided June 16, 1936.

Mandamus by John Fontana against Harold C. Lindholm, city clerk of the city of Iron Mountain, to compel the calling of a special election. Defendant reviews allowance of writ by appeal in the nature of certiorari. Reversed.

*Derham & Derham,* for plaintiff.

*Ernest W. Brown,* for defendant.

EDWARD M. SHARPE, J. The plaintiff is a qualified elector of the city of Iron Mountain and on June 3, 1935, filed a petition with the clerk of the city of Iron Mountain containing the signatures of 811 alleged electors which was more than 100 signatures over and above the 20 per cent. required for the calling of a special election as provided for in 1 Comp. Laws 1929, § 2261. Attached to various sections of the petition were the affidavits of 13 individuals setting forth that they had circulated the particular section of the petition.

The city clerk refused to call the special election; and when 60 days had expired after the filing of the petition, the plaintiff filed a petition for a writ of mandamus to compel the city clerk to call said election.

The respondent filed an answer claiming that the petition did not meet the requirements of 1 Comp. Laws 1929, § 2261, in that it contained spurious signatures; that several signatures were those of individuals not qualified electors; that several of the affidavits attached to the petition were false in that the petition was circulated by persons other than the affiant; and that the affidavits were not properly sworn to.

The cause came on for a hearing, several witnesses testified, including the clerk, the trial court

made an order granting the writ of mandamus; defendant appeals.

The plaintiff contends that the city clerk, being a ministerial officer, may not go behind the face of the petition and cites as authority for this proposition the following cases: *Thompson* v. *Secretary of State,* 192 Mich. 512; *Hamilton* v. *Secretary of State,* 212 Mich. 31; *Karwick* v. *Grajewski,* 253 Mich. 110.

In the *Thompson Case, supra,* we find that the Constitution of 1908, art. 5, § 1, provides that the authority of the secretary of State in regard to a referendum petition is as follows:

"Upon presentation to the secretary of State * * * of a petition certified to as herein provided, as having been signed by qualified electors * * * asking that any act, section or part of any act of the legislature, be submitted to the electors for approval or rejection, the secretary of State, after canvassing such petition as above required, and the same is found to be signed by the requisite number of electors, shall submit to the electors for approval or rejection such act or section * * * at the next succeeding general election."

In the *Hamilton Case, supra,* we held that where a proposed amendment to the State Constitution was proper in form and contained the required number of signatures, it was the duty of the secretary of State to place it upon the ballot, that he may not question the constitutionality of said amendment, and that under such circumstances his duties were ministerial and not judicial.

In the *Karwick Case, supra,* the court held that the genuineness of signatures to a petition for the recall of mayor may not be challenged except by matters appearing on the face of the petition; that the city clerk has no authority to determine suffi-

ciency of reasons stated for the recall; and that when the petition for the recall filed with the city clerk contained sufficient number of signatures and on its face complied with the statute, it was the duty of the clerk to call an election.

But each of these cases was decided upon a statute different than the statute involved in this case. In the case at bar, the pertinent part of the statute, 1 Comp. Laws 1929, § 2261, is as follows:

"If upon examination and investigation, it shall be found the petition contains spurious signatures, or false affidavits, or if he shall find that there are less than the required number of signatures, he shall report such fact to the city commission or council and no further action upon such petitions shall be had. Upon affirmative showing that the finding of such city clerk is erroneous, any registered elector of the city may sue out a writ of mandamus in the circuit court of the county where the city is located or obtain other appropriate legal relief."

The pertinent part of the statute, 1 Comp. Laws 1929, § 3383, involved in the *Karwick Case* is as follows:

"Said petition, or part thereof, shall be printed or typewritten and shall state clearly the reason or reasons for said demand. The signatures thereto shall be in writing and shall state the ward, precinct and street number or township in which said petitioner lives. The circulator of the petition, or his agent or representative thereof, shall attach thereto the affidavit that the said signatures are the signatures of qualified electors; that they are genuine and made in good faith for the purposes set forth in said petition."

It is to be noted that the statute upon which this case is predicated extends the clerk's authority to

an examination and investigation as to the genuineness of the signatures and the truth or falsity of the affidavits. Without such an investigation, the filing of a petition in proper form and with the correct number of signatures makes out a *prima facie* petition and under such circumstances it would be the duty of the clerk to call the proposed election. But, having the power to investigate and having furnished proof as to the falsity of the affidavits, we think the presumption of legality of such petitions vanishes. However, upon an affirmative showing that the finding of the city clerk is erroneous, the act provides that any registered elector of the city may sue out a writ of mandamus in the circuit court or obtain other appropriate legal relief.

In the instant case we find that the clerk made an investigation and found that the petition contained spurious signatures; that several of the signers to the petition were not qualified electors; that one or more of the affidavits attached to the petition were false in that the affiant was not the circulator of the section of the petition; and that the notary public did not properly administer the oath required for an affidavit. When such a showing has been made by the clerk, the presumption of legality of such petition vanished and the failure by the proponents of said petition to show that all of the essential requirements of the act have been complied with is fatal.

The order is reversed and writ dismissed, without costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and TOY, JJ., concurred. POTTER, J., took no part in this decision.