**VETTERS v. STATE ex rel. MURRAY et al.**

No. 12543.

Court of Civil Appeals of Texas. San Antonio.

Feb. 9, 1953.

Rehearing Denied March 11, 1953.

I. M. Singer and J. Hodge Thompson, Corpus Christi, for appellant.

J. B. Trimble, David M. Coover and Noah O. Kennedy, Jr., Co. Atty. of Nueces County, Corpus Christi, for appellees.

PER CURIAM.

The trial judge ordered the issuance of a writ of mandamus directing C. W. Vetters, City Secretary of the City of Corpus Christi, within five days of the date of judgment, to examine petitions for an election to recall the mayor and city commissioners of Corpus Christi, and from the list of qualified voters of the City of Corpus Christi ascertain whether or not said petition had been signed by the requisite number of qualified voters prescribed by the City Charter.

As we view the case, the controlling question relates to the nature of the duties of the city secretary in connection with the recall procedure provided for in the city charter. The trial judge considered such duties to be purely ministerial, admitting of no discretion, and hence issued the writ. The city secretary takes the position that he should not be compelled to ascertain whether or not the recall petitions contain the requisite number of signatures, because said petitions are not in proper legal form. He presents a number of contentions raising legal questions, among them being the assertion that the statement of the grounds for recall set forth in the petitions are insufficient, and that such petitions are defective in that they are directed against the mayor and city commissioners jointly, rather than being directed severally against each individual composing the governing council of the city. Other questions relating to the legal sufficiency of the petitions are also raised but need not be mentioned specifically.

In our opinion, the wording of the city charter settles the controversy in favor of the trial court's judgment. Under this instrument, the city secretary is essentially an official whose duties are ministerial rather than discretionary in nature. As to general duties, Section 2 of Article X of the charter provides that:

"The City Secretary shall serve as City Clerk and Clerk of the City Council. * * * He shall be appointed by the City Council and shall receive for his services such compensation as it may fix. He shall attend all meetings of the City Council and keep accurate minutes of its proceedings; he shall preserve and keep in order all books, papers, documents, records and files of

the City Council and of the Executive Department. He shall keep a record of all commissions and licenses issued and shall countersign the same. He shall have custody of the seal of the City and shall affix same to such documents and obligations of the City only as he may be legally authorized so to do. * * * "

As to the city secretary's duties with reference to the recall of elective officers, Section 1 of Article VII-a provides that:

"The holder of any elective office may be removed at any time by the qualified voters of the City of Corpus Christi. The procedure to effect the removal of any of such officers shall be as follows: A petition signed by one-third of the entire vote cast for Mayor at the last preceding election of said City, demanding the removal of such officer shall be filed with the City Secretary, which petition shall contain a general statement of the ground or grounds upon which removal is sought. The signatures to the petition need not all be appended to one paper, but each signer (shall) add to his signature his place of residence, giving his street number. One of the signers of each such paper shall make oath before some officer authorized to administer oaths that the statements therein made are true as he believes, and that each signature to the paper appended is a genuine signature of the person whose name it purports to be. *Within ten days from the date of the filing of such petition, the City Secretary shall examine said petition, and from the list of qualified voters in the City of Corpus Christi ascertain whether or not said petition is signed by the requisite number of qualified voters found upon said petition, and the number of persons not qualified to vote, and in checking said petition, the City Secretary shall designate the names of persons found therein not qualified to vote; with the letters: 'D.V.' in red ink opposite such name or names.* * * * "

■ This section does not make it the duty of the city secretary to determine the legal sufficiency of the petition, but confines his obligation and corresponding authority to examining the petitions in connection with a list of qualified voters, so as to ascertain if the requisite number of voters have signed the petition. Glass v. Smith, Tex.Sup., 244 S.W.2d 645, affirming Glass v. Smith, Tex.Civ.App., 238 S.W.2d 243; Karwick v. Grajewski, 253 Mich. 110, 234 N.W. 168; Williams v. Gill, 65 Cal.App. 129, 223 P. 559; 62 C.J.S., Municipal Corporations, § 516(b), p. 963; 28 Am.Jur. 181, Initiative, Referendum & Recall, § 53.

■ The above holding effectively disposes of this appeal. Much of what appellant says in his brief might be applicable to an application for mandamus to order a recall election, but the scope of the relief here granted is limited to an order directing the city secretary to perform the ministerial duties enjoined upon him by the charter. The fact that the recall petitions here involved are referred to as "amended petitions" is deemed immaterial. The petitions upon which the judgment is based were delivered to the city secretary on November 14, 1952. They were "amended" in that a new form of affidavit had been attached thereto. On September 30, 1952, the petitions in their original form were presented to the city secretary. On October 20, 1952, said secretary certified that the petitions were insufficient *on legal grounds.* There is a provision in Section 1 of Article VII relating to so-called amendments of the petitions. It is provided, immediately following the provisions hereinabove quoted, that "If by the Secretary's certificate the petition is shown to be insufficient it may be amended within ten days from the date of such petition (probably means certificate)." When this wording is construed in proper context, it seems clear that the certificate of insufficiency means a certificate the secretary is authorized to make, i. e., that an insufficient number of signatures appears upon the petition, and not a certificate that in the opinion of the secretary the petitions are invalid as a matter of law. Under the charter provision, an "amended petition" is one filed after the secretary has certified that the original petition contains an insufficient number of

names to satisfy the charter provisions. In the charter sense, the petitions of November 14, 1952, are not amended petitions, as the secretary has never certified that any petition presented to him contained an insufficient number of names. The present petitions were not controlled by the ten-day filing time provided in the clause above mentioned.

The complaining parties below were entitled to prosecute this action either in the name of the State or in the names of the relators. Boynton v. Brown, Tex.Civ. App., 164 S.W. 893; Mitchell v. McCharen, Tex.Civ.App., 119 S.W.2d 676.

The judgment is affirmed.