## MATTHEWS ET AL. v. LITTLE, CITY CLERK OF ATLANTA

Decided September 9, 1969

*Frederic S. LeClercq* on the application.

MR. JUSTICE BLACK, Circuit Justice.

Applicant Ethel Mae Matthews is a prospective candidate for alderman in an Atlanta, Georgia, municipal election now scheduled for October 7. Applicant Julia Shields is a duly qualified Atlanta voter. Both applicants claim that their constitutional and statutory rights are abridged by the exclusion of potential candidates for local offices who cannot afford the filing fees fixed by an Atlanta municipal ordinance of August 26, 1969. They challenge the ordinance on the ground that fees sought to be exacted violate the Equal Protection Clause of the Fourteenth Amendment and § 5 of the Voting Rights Act of 1965, 79 Stat. 439, 42 U. S. C. § 1973c (1964 ed., Supp. I). The constitutional question appears to me to be a substantial one which calls for decision by the full Court. This question is all the more serious because a three-judge district court decided in this case that the collection of the filing fees fixed by the ordinance

1224

does unconstitutionally deny equal protection of the laws. The city election is presently set for October 7, and, although this Court meets October 6, it will not have time to consider and decide the merits of the constitutional claim before the election is to be held. The result is that applicants cannot have their case decided unless some provision is made to take care of the problem. A court-ordered postponement of the election could have a serious disruptive effect. On the other hand, the refusal or inability to pay fees deemed unconstitutional might keep serious candidates from running, thus depriving Atlanta voters of an opportunity to select candidates of their choice. Both of these undesirable consequences should be avoided if possible, and to some extent they can be. This can be done by temporarily relieving applicants from payment of the challenged fees until the entire Court has had an opportunity to pass on all the questions raised. Should the applicants' claims be accepted by the Court, they would then never be required to pay the challenged fees. Should their claims be rejected, they would then be subject to the fees. Because the time for candidates to file notice of their candidacy is scheduled to expire on September 10, 1969, a necessary element of this order is that the city should extend the date for candidates to file notice of their candidacy at least until Tuesday, September 16, 1969. This disposition permits Atlanta to proceed with the election as now scheduled. In the alternative, Atlanta officials could decide of their own accord to postpone the municipal election until after this Court has had an opportunity to hear and decide the issues involved.

*It is so ordered.*