## FOWLER v. ADAMS, SECRETARY OF STATE OF FLORIDA

Decided August 11, 1970

See: 315 F. Supp. 592.

MR. JUSTICE BLACK, Circuit Justice.

Mr. William V. Fowler made a timely application to the Florida Secretary of State to become a candidate for the United States House of Representatives and was denied a place on the ballot because he refused to pay the $2,125 filing fee required by state statutes, Florida Stat. Ann. §§ 99.021 and 99.092. The applicant challenged the constitutionality of these Florida laws on the ground that since a Congressman is a federal officer a State cannot impose such a fee as a condition for candidacy. The applicant also asserted that the fee requirement was a denial of equal protection of the laws. A three-judge Federal District Court in the Middle District of Florida rejected these contentions.[1] The State claims the right to impose such a fee under Art. 1, § 4, cl. 1, of the United States Constitution, which provides:

"'The Times, Places and Manner of holding Elections for Senators and Representatives, shall be

---

[1] 315 F. Supp. 592 (MD Fla. 1970).

prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."

Florida asserts that since Congress has not exercised its power to "make or alter" filing regulations for conducting congressional elections, the State retains the power to impose the fee in question.

The case raises questions which make it impossible for me to predict with certainty what the majority of this Court would decide.[2] The full Court in all likelihood will not meet until October, after the primary on September 8, 1970. Under these circumstances my decision on this application could settle this controversy on a basis which the Court might not later accept. The record presents no facts that would show an imposition of irreparable damage upon the State should it be required to place the applicant's name on the ballot, and should the law later be upheld by this Court, the State might then collect the fee from the candidate. Furthermore, even if the law is held valid after the applicant's name has been submitted to the voters, neither he nor the public would have suffered irreparable damage. If, on the other hand, the applicant is denied an opportunity to run for office and the Florida law is later invalidated, this candidate would have been unconstitutionally barred from the ballot. In this situation, I think the equities are with the applicant.[3]

The State is therefore directed to take the steps necessary to place the applicant's name on the ballot without the payment of the filing fee.

*It is so ordered.*

---

[2] Compare *Fowler* v. *Adams, supra,* with *Georgia Socialist Workers Party* v. *Fortson*, 315 F. Supp. 1035 (ND Ga. 1970). See also my opinion in *Matthews* v. *Little*, 396 U. S. 1223 (1969).

[3] See my opinion in *Davis* v. *Adams, ante,* p. 1203.