Reymundo GONZALES et al., Plaintiffs,

v.

CITY OF SINTON, TEXAS, et al.,
Defendants.

Paul DeANDA et al., Plaintiff,

v.

CITY OF SINTON, TEXAS, et al.,
Defendants.

C. A. Nos. 70–C–165, 70–C–168.

United States District Court,
S. D. Texas,
Corpus Christi Division.

Aug. 28, 1970.

James DeAnda, Edwards & DeAnda, Corpus Christi, Tex., Hector Gonzalez, Beeville, Tex., Mario Obledo, San Antonio, Tex., for plaintiffs.

Bill E. Nicholas, City Atty., Sinton, Tex., for defendants.

## MEMORANDUM OPINION

SEALS, District Judge.

Plaintiff Gonzales and DeAnda, seeking a place on the ballot in the City Council election in Sinton, Texas, were frustrated by two requirements of the Sinton Code. Plaintiff Gonzales was refused leave to file because he is not a bona fide owner of real estate within the corporate limits of Sinton. Plaintiff DeAnda's application was rejected because he has been adjudged delinquent in the payment of property taxes for the year preceding the election. Plaintiffs ask for relief under the Equal Protection Clause of the Fourteenth Amendment on behalf of themselves and as representatives of all persons similarly situated. Both plaintiffs qualify as proper representatives of their class under Rule 23 of the Federal Rules of Civil Procedure.

The Supreme Court very recently held, in City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed.2d 523 (1970) that a State may not restrict the franchise to real property taxpayers in elections to approve the issuance of general obligation bonds. Previously, the Court had opened the franchise to nonproperty owners in school district elections, Kramer v. Union Free School District No. 15, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969), and in elections to approve the issuance of revenue bonds, Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 583 (1969). The cases before us involve the question of standing for office rather than merely voting in an election. But the court believes that many of those same principles which render the voting restrictions constitutionally unacceptable are equally applicable to the issue of candidacy.

All residents of Sinton who are qualified voters under the laws of Texas have a significant interest in representation at the local level. Assessment of property taxes is only one function of the City Council of Sinton. Every other potential act of the Council will bear as much upon the resident who owns no real estate or pays no property taxes as upon him whose tax payments fill the public coffers. Furthermore, even if some overriding interest could be found to justify the linkage of taxation to representation, the claim is erroneous that non-property owners do not contribute to the general revenues. As the Court points out in *Kolodziejski,*

> "* * * a significant part of the ultimate burden of each year's tax on rental property will very likely be borne by the tenant rather than the landlord since, * * * the landlord will treat the property tax as a business expense and normally will be able to pass all or a large part of this cost on to the tenants in the form of higher rent. * * * Moreover, property taxes on commercial property, much of which is owned by corporations having no vote, will be treated as a cost of doing business and will normally be reflected in the prices of goods and services purchased by nonproperty owners and property owners alike." *Id.,* at 399 U.S. 210, 90 S.Ct. 1994.

 This much is clear from prior decisions of the Supreme Court. It is equally certain that, to be guaranteed the full extent of the rights acknowledged by these franchise cases, plaintiffs must be granted the concomitant right to stand for office. A resident's vote for the candidate of his choice may have little meaning if no candidate speaks for the interests of that voter. The right of a non-property owner to cast his ballot, unless it be supplemented by that man's right to cast his ballot for a fellow non-property owner, is hardly more than a mere paper guarantee. The interests of non-property owners, as a class, can be adequately served only if they are given a voice within the Council's chambers as well as without. The court believes that the Equal Protection Clause of the Fourteenth Amendment requires an extension to candidacy of those guidelines which the Supreme Court has already formulated with respect to voting.

Accordingly, orders will issue to restrain the City of Sinton and all its election officials, from conducting any future election, in violation of the principles announced herein.