Carl E. **CONNERTON**, Jr., Plaintiff,

v.

Edna **OLIVER**, Clerk For the City of Baytown, Defendant.

Civ. A. No. 71–H–330.

United States District Court,
S. D. Texas,
Houston Division.

March 29, 1971.

Carl E. Connerton, Jr., pro se.

William R. Laughlin, Baytown, Tex., for defendant.

## MEMORANDUM AND ORDER

HANNAY, District Judge.

Plaintiff unsuccessfully attempted to have his name placed on the ballot as a candidate for city councilman in the Baytown, Texas, City Council election, scheduled for April 6, 1971. It was stipulated that the only reason for the defendant City Clerk's refusal to approve plaintiff's candidacy was because of his admitted failure to meet the qualification of real property ownership within the corporate limits of Baytown pursuant to that city's charter. Art. II, Sec. 13, Charter of the City of Baytown, Texas.[1] Plaintiff stated that he resides in a duplex apartment in Baytown commuting daily to his job in Houston.

In his *pro se* petition before this Court, plaintiff challenges the constitutionality of the real property requirement and further seeks to enjoin the continuance of the aforementioned election unless and until the challenged qualification is stricken. Plaintiff specifically waives any objection to absentee ballots already received by the city. (At the time of the hearing before this Court, the city had received eleven absentee ballots.) The City Clerk very fairly testified that if necessary a period of three days would be required to reprint the City Council ballots and place them in the voting machines at an additional cost to the city of approximately $58.00. A total of nineteen candidates filed for election to the four available positions on the Council.

There has been a range of judicial opinion on the standard to be employed in determining the constitutional validity of qualifications for both the right to vote in an election and also the right to be a candidate. It is well established that in connection with the more fundamental type of disfranchisement, (that is the deprivation of the actual right to vote itself) a state, city or other governmental body must demonstrate the *necessary promotion of a compelling state interest* to justify the existence of a qualification or limitation on the right to vote. City of Phoenix v. Kolodziejski, 399 U.S. 204, 90 S.Ct. 1990, 26 L.Ed. 2d 523 (1970); Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). However, in the recent case of Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970); the Supreme Court found it unnecessary to apply the "compelling" state interest standard to a real property ownership qualification for the right to *seek* office; but instead, invalidated such a qualification by use of the more traditional standard of "whether the challenged classification rests on grounds wholly irrelevant to the achievement of a valid state objective." *Turner, supra* at p. 362, 90 S.Ct. at p. 541.

■ This Court is inclined to believe that many if not all of the principles which render voting restrictions constitutionally infirm are in addition equally applicable to qualifications for candidacy. As observed by the court in Stapleton v. Clerk For City Of Inkster, 311 F.Supp. 1187, 1190 (E.D.Mich.S.D. 1970); "* * * in both situations the challenge is directed to the assumption that the institutions of state government are structured so as to fairly represent all the people." Accordingly a city

---

1. Article II,
 Qualifications
 Section 13. The mayor and each of the six councilmen shall be a citizen of the United States of America and a qualified voter of the state of Texas; shall have resided for at least two years next preceding the election within the corporate limits of Baytown; shall be a bona fide owner of real estate within the corporate limits of Baytown; and shall not be in arrears in the payments of any taxes or other liability due the city. A member of the council ceasing to possess any of the qualifications specified in this section, or convicted of a felony while in office, shall immediately forfeit his office.

should be able to demonstrate that a compelling city interest is in fact being promoted in requiring real property ownership within the city limits as a qualification for seeking public office. See *Stapleton, supra*; and Reymundo Gonzales, et al. v. City of Sinton Texas, 319 F.Supp. 189 (S.D.Texas, 1970).

 This Court, however, will defer to the Supreme Court's reluctance in *Turner, supra,* to decide the issue of which standard applies in the candidacy situation. In the instant case, as was similarly held in *Stapleton, supra,* it is felt that under either aforementioned standard, the real property ownership qualification for candidacy is unwarranted.

The only explanation or justification offered by the City of Baytown for the challenged qualification is that those citizens otherwise qualified who are in addition real property owners will somehow be more stable, more attached to the community and thus more interested in its affairs. That this contention may have some nominal and tenuous merit will not be disputed. However, the Court is in full agreement with the Supreme Court's analysis of this logic in *Turner, supra* at p. 364, 90 S.Ct. at p. 542, when it stated:

> Nor does the lack of ownership of realty establish a lack of attachment to the community * * *. However reasonable the assumption that those who own realty do possess such an attachment, Georgia may not rationally presume that the quality is necessarily wanting in all citizens of the county whose estates are less than freehold. citing by footnote, Leary v. United States, 395 U.S. 6, 32–36, [89 S.Ct. 1532, 23 L.Ed.2d 57] (1969).

It would be well to point out that in the instant case, plaintiff stated that to the extent permitted by his work schedule, he is a frequent attendant of city council sessions. This, in connection with the very fact of his attempted candidacy, would tend not only to lend substance to plaintiff non realty owner's interest in community affairs, but also to highlight the patent irrationality of the City's purported reason for its real property qualification. Furthermore, it is felt that the six month residency requirement[2] for candidacy is sufficient to satisfy any legitimate interest of the city in the problem of the transience of its candidates for public office.

One final observation is felt to be worthwhile. That is the tendency of growing segments of our population toward apartment living (i. e. leasehold as opposed to freehold ownership). Accepting this phenomenon it is not unreasonable to assume that further allowance of a real property ownership qualification would serve not only to perpetuate, but also to increase incidents of discrimination against potential non realty owner candidates for public office.

For the reasons stated above the Court concludes that the real property ownership qualification as established by the Baytown City Charter is violative of the equal protection clause of the Fourteenth Amendment. Accordingly, it is hereby ORDERED that the City Clerk of Baytown be enjoined from enforcing said qualification and that plaintiff's name be placed on the ballot as a candidate for the April 6, 1971, City Council election.

The foregoing constitute findings of fact, conclusions of law and a final judgment in this cause.

The Clerk will notify plaintiff and counsel for defendant.

---

2. Although the Baytown City Charter (see fn. 1 above) recites a two year residency requirement, the Baytown City Attorney stated that this period had been changed to six months in order to comply with recent changes in the law.