**Ovide DUNCANTELL and Jeffrey Skarda**

v.

**The CITY OF HOUSTON, TEXAS, et al.**

**Civ. A. No. 71–H–1035.**

United States District Court,
S. D. Texas,
Houston Division.

Oct. 27, 1971.

**974**

Peter D. Williamson, Houston, Tex., for plaintiffs.

Joseph G. Rollins, Asst. City Atty., Houston, Tex., for defendants.

*Opinion and Order:*

SINGLETON, District Judge.

■ This case is presently before this one-judge court after a three-judge court disallowed itself in regard to plaintiffs' attack on the Texas Election Code art. 13.53, V.A.T.S. As the three-judge hearing clearly established, article 13.-53 is merely permissive enabling legislation. This part of the Election Code could not have been violated by the defendants and does not create any case or controversy here for it is only an enabling statute. McCrimmon v. Daley, 418 F.2d 366 (7th Cir. 1969). The only acts under enforcement which could form the basis of a case or controversy are the two articles discussed below that the City of Houston enacted pursuant to the enabling statute article 13.53 of the Texas Election Code which vests local control and enforcement of any filing fees in the home-rule city. Accordingly, plaintiffs' attack on the state Election Code is dismissed.

■ Plaintiffs have sought to file this cause as a class action. However, they have not presented substantial evidence to clearly establish the limits of the class nor Duncantell's fair representation of that class pursuant to Fed.R.Civ.P. 23. Accordingly, relief will be granted only to the two-named plaintiffs.

Plaintiffs further seek to invalidate Article V, Sec. 6 of the Houston City Charter that requires filing fees of candidates for city councilman positions and Article V, Sec. 2 requiring a city candidate to have been the owner of real estate for two years prior to the election.

Plaintiff Ovide Duncantell is a resident of Houston, Texas, who timely filed an application as a candidate for the office of City Councilman, District "D" for the City of Houston elections on November 20, 1971. Duncantell testified that he is presently unemployed and does not have sufficient money to pay the filing fee and does not own any real estate within Houston. Duncantell has complied with all the filing requirements except the filing fee and real estate ownership criteria.

Jeffrey Skarda is also a plaintiff herein. He is a duly qualified voter for Houston and contends that he wishes to vote for plaintiff Duncantell for the position of City Councilman, District "D."

Jurisdiction is conferred upon the court under the provisions of the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988 and, also, under 28 U.S.C. § 1343(2).

This is an action for declaratory judgment initiated pursuant to 28 U.S.C. §§ 2201 and 2202 for preliminary, interlocutory, permanent, and mandatory injunctions to prevent irreparable damage to plaintiff and for further and different relief as may be appropriate in equity and in law and seeks to redress the deprivation of federal Constitutional rights.

This case presents several important constitutional issues: (1) whether or not the Equal Protection and Due Process Clauses of the Fourteenth Amendment have been violated; (2) whether or not the First Amendment has been violated; (3) whether or not the filing fees are so out of line as to be presumed to be intentionally prevent the poor from running for office; and (4) whether or not the filing fees prevent qualified voters from voting for those who are prevented from running. This court holds that the ordinances in question must be struck as violative of the First and Fourteenth Amendments.

■ This court does not question the validity of applying the "compelling interest" criteria to the City's enactment of the two articles at issue. This is especially true since the activity to be protected from the consequences of the classification based on wealth embodies a fundamental interest, deserving of special protection by the federal courts. Voting and its concomitant, running for office, are certainly basic First Amendment rights to be protected. Harper v. Virginia State Bd. of Elections, 383 U.S. 663, 86 S.Ct. 1079, 16 L.Ed.2d 169 (1966); Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed. 2d 506 (1964). Secondly, the "compelling interest" test should be applied because the type of persons harmed by the classification are also deserving of protection by the courts. Comment, "Developments in the Law—Equal Protection," 82 Harv.L.Rev. 1065, 1120–1122 (1969).

■ The right to vote is a right which is at the heart of our system of government. Likewise, the right to run or be a candidate is inextricably woven into the fabric of the First Amendment. Consequently, any abridgment of that right must receive careful judicial scrutiny and the state or city has the burden of justifying through proof of a compelling interest any restraints on these precious rights. Lacking such proof, any restrictions on or impediments to these rights cannot meet constitutional standards. *Cf.* Jenness v. Little, D.C., 306 F.Supp. 925, appeal dismissed, Matthews v. Little, 397 U.S. 94, 90 S.Ct. 820, 25 L.Ed. 2d 81 (1970); Matthews v. Little, 396 U.S. 1223, 90 S.Ct. 17, 24 L.Ed.2d 45 (1969).

■ The opportunity to vote for a certain candidate in an election is sufficiently important to be as "fundamental" as the basic right to vote upheld in Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1968). Plaintiff Skarda here alleges the infringement of his right to cast a vote effectively. Specifically, Skarda submits that the City, by denying Duncantell a place on the ballot for failure to pay the filing fee, has basically abridged his rights as a voter. This court agrees that the right to cast a ballot effectively is as basically encompassed by the First and Fourteenth Amendments as the right established in *Harper, supra,* and *Kramer, supra,* that one may not be denied a vote entirely. In Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1968), the Supreme Court struck an Illinois statute which created obstacles to having new political parties' candidates placed on the ballot. The Court said such obstacles were constitutionally impermissible because the effectiveness of the voter's right had been diminished thereby. The High Court had previously stressed the same philosophy in the case of Williams v. Rhodes, 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968).

Carter v. Dies, 321 F.Supp. 1358 (D.C. Tex.1970), *prob. juris.* noted, 403 U.S. 904, 91 S.Ct. 2208, 29 L.Ed.2d 679 (1971), is the leading Texas case on the issue of

filing fees for primary elections. There a three-judge court invalidated the Texas statutory scheme for filing fees. The court granted injunctive and declaratory relief for the candidates stating that the fees were not necessary for revenue purposes and that the write-in alternative would not bring about needed balance on the individual interest scale. *See also,* Matthews v. Little, *supra.* In the case at bar, as the court stated in *Carter,* the City has stated that the filing fee serves no revenue raising purpose. *Contra,* Spillers v. Slaughter, 325 F. Supp. 550 (D.C.1970), dismissed as moot Pope v. Haimowitz, 404 U.S. 806, 92 S.Ct. 55, 30 L.Ed.2d 37 (1971); Wetherington v. Adams, 309 F.Supp. 318 (N.D.Fla.1970).

 Here the City presented no evidence of any compelling governmental interest to be preserved by the retention of the filing fee. The City, through its attorney, stated that the size of the ballot is a legitimate city interest. However, it would appear to this court that any city interest in the size of the ballot could be cured by requirements based on considerations other than wealth or affluence, for example, a requirement of a voter's petition or, the correlative to a filing fee, a pauper's oath. *See* Georgia Socialist Workers Party v. Fortson, 315 F.Supp. 1035 (N.D.Ga., 1970).

### OWNERSHIP REQUIREMENT

██ Plaintiff's attack on the City of Houston's Charter requirement that a candidate have owned real estate for two years prior to the election must be summarily granted. This court feels that the property ownership requirements issue was conclusively answered for this district by the recent and well-written opinion of Judge Hannay in Connerton v. Oliver, 333 F.Supp. 201 (S.D.Tex. March 29, 1971). *Connerton* struck down the Baytown real property ownership criteria and in doing so relied upon Turner v. Fouche, 396 U.S. 346, 90 S.Ct. 532, 24 L.Ed.2d 567 (1970).

*Turner, supra,* found it unnecessary to even apply the compelling state interest standard and instead struck the requirement as being irrelevant to the advancement of a valid state goal. *Accord,* Stapleton v. Clerk for City of Inkster, 311 F.Supp. 1187 (E.D.Mich., 1970).

One month after the *Connerton, supra,* decision, Judge Woodrow Seals again reiterated that the law in this federal district would not comprehend an abridgment of the right to seek office because one does not own property. Gonzales v. Sinton, 319 F.Supp. 189 (S.D.Tex., 1970).

In summary, the evidence before this court as well as arguments advanced by the attorney for the City failed to establish any compelling city interest in the Charter provision requiring filing fees for those seeking city elective offices. The right to vote would be meaningless indeed if there were no candidates to vote for. The right to seek public office is as fundamental in our governmental process as the right to vote. Of course, each of these fundamental rights imposes certain burdens upon those citizens attempting to exercise them. This is as it should be. However, the ability to either have or to be able to raise any sum of money as the sole prerequisite to seeking public office is an unreasonable burden or restraint and thereby violative of the First and Fourteenth Amendments to our Constitution. The legitimate state or, in this case, city interest in protecting the ballot can be served and a reasonable burden can be imposed upon those willing to have their names placed thereon by the enactment of provisions other than just filing fees. As already pointed out, filing fees coupled with a pauper's oath with the penalties of the statutes regarding perjury would appear to be a reasonable restraint or burden upon the fundamental right of seeking elective public office. Likewise, a requirement of a nominating petition might well pass constitutional muster.

Accordingly, the portion of Article V, Sec. 6 of the Charter of the City of Houston relating to the filing fee of $500 for city councilmen (the only portion presently before this court) is de-

clared unconstitutional and invalid for the reasons stated above. The portion of Article V, Sec. 2 of the Charter of the City of Houston requiring ownership of real property is also declared unconstitutional and invalid.

Inasmuch as plaintiff Duncantell's application meets all other requirements and was timely filed, the City is ordered to place his name on the ballot for the City of Houston's November 20, 1971, election.