** Summary **
QUALIFIED ELECTORS IN SCHOOL DISTRICT ELECTIONS Provisions of the Constitution and statutes of Oklahoma limiting the right to vote to real property taxpayers in certain elections, including the school district local support levies as provided in Article X, Section 9(d)(1), is violative of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. Therefore all qualified electors in Oklahoma are eligible to vote in all such elections. We have considered your request for an opinion wherein you asked the following questions: "(1) Are only ad valorem taxpayers eligible to vote in elections for school district local support levies, pursuant to Article X, Section 9(d-1) of the Oklahoma Constitution? "(2) Are any other kinds of elections in Oklahoma limited to ad valorem taxpaying voters?" In answer to these questions, we refer you to Attorney General's Opinion No. 71-138 which interprets the terms of Article X, Section 9(a) of the Oklahoma Constitution and Attorney General's Opinion No. 71-413 which construes Article X, Section 9(d-1) of the Oklahoma Constitution. Copies of these opinions are enclosed for your consideration as both are applicable to the present questions. As of this date there is not a direct holding by the Supreme Court of Oklahoma regarding the constitutionality of allowing only ad valorem taxpayers to participate in local support levy elections. However, we would call your attention to City of Spencer v. Rayburn,483 P.2d 735 (1971) which held inoperative the particular section of Article 10, 27 of the Oklahoma Constitution requiring that only property taxpayers be permitted to vote in general obligation bond elections. This case brings Oklahoma in line with the holding of City of Phoenix v. Kolodziejski, 399 U.S. 204, 26 L.Ed.2d 523, 90 S.Ct.Rpt. 1990, which held that limiting the right to vote on general obligation bonds to property taxpayers is unconstitutional for reason that such limitation is in violation of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. See also Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897,23 L.Ed.2d 647 (1969); Kramer v. Union Free School District,395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969); Stapleton v. Clerk, City of Inkster, 311 F. Supp. 1187
(E.D. Mich. 1970); Connerton v. Oliver, 333 F. Supp. 201
(S.D.Tex. 1971); State ex rel Ward v. Anderson, Mont.,491 P.2d 868 (1971). The above cited cases have not directly considered the question of a limitation of voter franchise to ad valorem taxpayers in an election to provide an ad valorem levy. However, the principles of the cited cases and more particularly the reasoning set forth in the Phoenix case, supra, are applicable to the instant question. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Provisions of the Constitution and statutes of Oklahoma limiting the right to vote to real property taxpayers in certain elections, including the school district local support levies as provided in Article X, Section 9(d-1), is violative of the Equal Protection Clause of theFourteenth Amendment to the United States Constitution. Therefore all qualified electors in Oklahoma are eligible to vote in all such elections. (Amend 14) (Michael D. Tinney)