Scott Monroe **NELSON** et al., Relators,

v.

Louie **WELCH** et al., Respondents.

No. 912.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 19, 1973.

Fred Reynolds, Houston, for appellant.

William A. Olson, City Atty., Joe Rollins, Houston, for appellee.

COULSON, Justice.

This is an original proceeding in which Scott Nelson and Jimmy Smith (relators) seek a writ of mandamus to compel Louie Welch, the Mayor of the City of Houston, and the Houston City Council to accept their applications to appear on the ballot as candidates for the office of Mayor in the municipal election scheduled for November 6, 1973. Relators have failed to tender either the filing fee required in the City Charter or submit petitions signed by qualified voters as required by municipal ordinance.

The issue is whether a Court of Civil Appeals has the authority to compel an election official to perform an act in the absence of an express duty to so act.

Article V, sec. 6, of the Charter of the City of Houston originally provided that a mandatory filing fee of $1,250 accompany

all applications for a mayoralty candidacy. This provision was held unconstitutional, because no alternative to the filing fee was provided. Duncantell v. City of Houston, 333 F.Supp. 973 (S.D.Tex.1971); Socialists Workers Party v. Welch, 334 F.Supp. 179 (S.D.Tex.1971). The City Council of Houston enacted an ordinance providing that, as an alternative to paying the filing fee, an applicant could submit a petition signed by a specific number of qualified voters. Houston, Tex., Ordinance 73–1487, August 1, 1973.

Relators contend that the City Ordinance cannot amend the City Charter. If the unconstitutional charter section is also a nullity, they urge that there are no restrictions upon the applications to appear on the ballot.

■ This Court's original jurisdiction to entertain suits of this nature is conferred by Article 1735a, Tex.Rev.Civ.Stat. Ann. (1967), which provides in pertinent part: "(A)ny court of civil appeals shall have jurisdiction and authority to issue the writ of mandamus . . . against any public officer . . . to compel the performance . . . *of any duty imposed upon them, respectively, by law,* in connection with the holding of any general, special, or primary election." (emphasis supplied). The clear language of the statute dictates a writ of mandamus will issue only upon a showing that an election officer has failed to discharge a duty imposed by statute. Relators' cause rests on the contentions that the City Charter section is unconstitutional and therefore void and that the City Ordinance is invalid. If this is true, no provision remains to impose a duty "by law" upon respondents to accept the applications. Thus, this Court would have no authority to issue a writ of mandamus against respondents.

In Lydick v. Chairman of Dallas County Repub. Ex. Com., 456 S.W.2d 740 (Tex. Civ.App.—Dallas 1970, no writ), a writ of mandamus was sought under Article 1735a to compel party officials to count write-in votes cast in a party primary. The Texas Election Code prohibited write-in votes in a primary election for the offices concerned. Tex.Rev.Civ.Stat.Ann. art. 13.-09(b) (1967). Relators there urged that this statute was unconstitutional. The Court held that, if the statute was void, Article 1735a would not be authority for a writ of mandamus, because the election officials would have no duty imposed by law to count the write-in votes. Similarly, the charter section and city ordinance relators here attack on the one hand must serve as the source of the duty they seek to impose on the other hand.

Although this Court has jurisdiction under Article 1735a to consider this case, under the undisputed facts here presented we have no authority to issue the requested writ of mandamus.

■ The interest of the public requires that we state our opinion regarding said Ordinance 73–1487, August 1, 1973, Houston, Texas. We find said Ordinance to be valid. The compelling governmental interest to insure a fair and orderly election by controlling the size of the ballot is satisfied if a candidate may pay a reasonable filing fee or alternatively file a nominating petition signed by a reasonable number of citizens qualified to vote in such election.

The authority of the City Council to enact said ordinance is contained in Article V, sec. 7, of the Charter of the City of Houston, Texas, which provides:

"In all matters not covered by this Charter or by the general law of the State of Texas, the City Council shall by ordinance make provisions relating to the *holding of the City General Election* and all matters relating thereto. (Act of 1905, as amended, 1942 and 1951.)"

The said ordinance fulfills the standards discussed in Duncantell v. City of Houston, *supra,* and Socialist Workers Party v. Welch, *supra.*

All relief prayed for is denied.