Jim DUFFY, et al., Relators,

v.

John BRANCH, et al., Respondents.

No. 05–92–00468–CV.

Court of Appeals of Texas,
Dallas.

March 20, 1992.

Dwight A. Shupe, Kim J. Askew, Dallas, for relators.

John Branch, Lynn Spruill, Mary Dolan, Riley Reinker, Addison, Robert L. McCallum, Dallas, for respondents.

Before STEWART, BAKER and KAPLAN, JJ.

## OPINION

BAKER, Justice.

Relators seek a writ of mandamus ordering the Addison City Council to call a recall election for council member John Branch. We conditionally grant the writ.

### I.  JURISDICTION

This mandamus proceeding involves an election dispute. This Court has jurisdiction pursuant to section 273.061 of the Texas Election Code, which provides:

The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

TEX.ELEC.CODE ANN. § 273.061 (Vernon 1986).

## II. THE RECALL PROVISIONS

The underlying election dispute involves the Addison City Council's failure to order a recall election of council member Branch. The recall provisions (sections 10.07 and 10.11) of the Addison City Charter provide the framework of this dispute. Section 10.07 provides:

[Upon the city secretary's presentation of a recall petition, if] the officer whose removal is sought does not resign, then it shall become the duty of the Council to order an election. . . .

Addison City Charter § 10.07. Section 10.11 provides:

In case all of the requirements of this Charter shall have been met and the Council shall fail or refuse to receive the recall petition, or order such recall election, or discharge any other duties imposed upon said Council by the provisions of this Charter with reference to such recall, then the county judge of Dallas County, Texas, shall discharge any of such duties herein provided to be discharged by the person performing the duties of City Secretary or by the Council.

Addison City Charter § 10.11.

## III. BACKGROUND OF THE DISPUTE

The Addison City Council consisted of five members: William Akin, John Branch, Mary Dolan, David Granoff, and Riley Reinker. The Addison City Charter requires three affirmative votes for the city council to act. Addison Mayor Lynn Spruill votes only if there is a tie.

Relators are residents and qualified voters of the Town of Addison. They and many other Addison voters signed petitions to recall city council members Akin, Branch, and Granoff. Relators filed their petitions with the city secretary on December 27, 1991. On January 14, 1992, the city secretary certified to the city council that the petitions complied with the city charter requirements. The city council unanimously accepted the petitions.

At its next regular meeting on January 28, 1992, the city council did not call a recall election for Akin, Branch, and Granoff. However, Akin, Branch, and Granoff voted to have the Town of Addison file a declaratory judgment suit against relators. On February 6, 1992, the Town of Addison filed suit in the 95th District Court.

Relying upon section 10.11 of the Addison charter, relators asked Dallas County Judge Lee Jackson to order the recall elections. On February 7, 1992, Judge Jackson informed relators' counsel that he refused to order the recall elections. Judge Jackson stated he could not find any Texas law authorizing a constitutional county judge to order a city or town to hold an election.

Granoff resigned February 11, 1992. Akin resigned February 12, 1992. On February 15, 1992, the three remaining council members (Branch, Dolan, and Reinker) again voted on relators' petition to recall Branch. Dolan and Reinker voted for the recall, but Branch abstained. The city council was one vote shy of the three votes necessary to confirm any city council action. Because the vote was not a tie, Mayor Spruill could not cast the decisive third vote.

Relators argue that the city council has the ministerial duty to call the recall election pursuant to section 10.07. They contend the duties imposed by section 10.07 are unambiguous and mandatory. Because both the city council and Judge Jackson refused to order the recall election, relators maintain that this Court is the only court with the authority to compel the city council to call the recall election. Respondents are the three remaining members of the Addison City Council and Mayor Spruill. Only council member Branch opposes the issuance of the writ of mandamus.

## IV. ANALYSIS

### A. Refusal to Perform Ministerial Duty

■ If, after the filing of a recall petition, the affected council member refuses to resign, section 10.07 of the Addison City Charter provides that the city council must order a recall election. This provision is

mandatory and allows for no discretion. It is a purely ministerial duty. *See Blanchard v. Fulbright,* 633 S.W.2d 617, 619 (Tex. App.—Houston [14th Dist.] 1982, orig. proceeding) (per curiam);[1] *Howard v. Clack,* 589 S.W.2d 748, 752 (Tex.Civ.App.—Dallas 1979, orig. proceeding). Mandamus lies to compel the performance of a ministerial act or duty. *Walker v. Packer,* 427 S.W.2d 833, 838–39 (Tex.1992). Although Branch is the subject of the recall petition, we hold that Branch's ministerial duty as a city council member, as set out in charter section 10.07, is to vote affirmatively for his own recall election. Section 10.07 permits no discretion either to vote against the recall election or to abstain from voting.

### B. Whether the Recall Election will be Moot

■ Both Branch and relators agree that if the city council calls a recall election, the date for the election must be May 2, 1992. *See* TEX.ELEC.CODE ANN. § 41.001(a)(2) (Vernon Supp.1992). Branch claims his term expires May 2, 1992. Branch contends because his term expires May 2, 1992, a recall election on that date would be moot. Branch maintains that this Court should not issue writ of mandamus. *See Blanchard,* 633 S.W.2d at 618.

At oral argument, both sides agreed that the Addison City Charter provides that a councilman's term expires at the next regular city council meeting following the election date. In this case, Branch's term would expire May 12, 1992. This date is the next council meeting following the May 2, 1992 election. In *Blanchard,* three of the council members against whom the voters sought recall elections were out of office by the time the court rendered its decision. *Blanchard,* 633 S.W.2d at 618. In the present case, Branch remains in office. While Branch remains in office, the calling of a recall election is not a moot issue.

### C. Adequate Remedy at Law

Branch contends that relators have adequate legal remedies. Branch argues that under section 10.11 of the Addison City Charter, Judge Jackson is the proper authority to order the recall election. Additionally, Branch contends that the declaratory judgment action pending in the 95th District Court affords relators an adequate legal remedy. The adequacy of other legal remedies applies to violations of ministerial duties. *See Abor v. Black,* 695 S.W.2d 564, 567 (Tex.1985, orig. proceeding); *State Bar of Texas v. Heard,* 603 S.W.2d 829, 834 (Tex.1980, orig. proceeding); *Huffstutlar v. Koons,* 789 S.W.2d 707, 709 (Tex.App.—Dallas 1990, orig. proceeding).

#### 1. Section 10.11 and Judge Jackson

■ The Houston court of appeals encountered a provision similar to section 10.11 in the Angleton City Charter in *Blanchard.* The *Blanchard* court questioned whether the Angleton charter could impose that duty on a county judge absent statutory or constitutional authority. *See Blanchard,* 633 S.W.2d at 624. The *Blanchard* court granted writ of mandamus despite this provision. In a similar situation, the Fort Worth court of appeals also granted the writ. *See Burns v. Kelly,* 658 S.W.2d 731, 733 (Tex.App.—Fort Worth 1983, orig. proceeding) (op. on reh'g).

As did the *Blanchard* court, we question whether the Town of Addison can impose this duty upon the Dallas County Judge. *Cf.* TEX. LOCAL GOV'T CODE ANN. § 7.003 (Vernon 1988). As in *Blanchard,* the County Judge here refused to order a recall election. *Blanchard,* 633 S.W.2d at 624. Assuming the Addison charter requires relators to exhaust their administrative remedies, they have done so. *See Gonzalez v. King,* 548 S.W.2d 66, 70–71 (Tex.Civ.App.—Corpus Christi 1970, orig. proceeding) (Nye, J., concurring).[2]

---

**1.** The Texas Supreme Court dismissed an application for writ of error for want of jurisdiction.

**2.** Although *Gonzalez* involved a recall election, it did not involve a mandamus proceeding un-

der the statutory predecessor of section 273.061 of the Texas Election Code, but a writ of injunction under the statutory predecessor of section 22.221(a) of the Texas Government Code. *Gon-*

### 2. The Pending Declaratory Judgment Action

 Branch contends that relators have an adequate remedy at law because of the declaratory judgment action pending in the 95th District Court. We disagree. The narrow issue before this Court is whether the city council had the ministerial duty to call the recall election once the city secretary presented the recall petition and Branch refused to resign. *Burns,* 658 S.W.2d at 734. We have held that the city council has the ministerial duty to call the recall election. The pendency of the declaratory judgment action does not have any bearing on the issues before us in this mandamus proceeding. *Burns,* 658 S.W.2d at 733–34.[3]

### D. Sufficiency of the Petition

Branch asserts that the allegations in the recall petition are insufficient. He argues the city council properly refused to call a recall election. *See Burns,* 658 S.W.2d at 734–35 (Jordan, J., dissenting). In *Blanchard,* the city charter required the city secretary to present the recall petitions to the council. *Blanchard,* 633 S.W.2d at 621–22. The court held that the city charter did not give the city officials the right to review the petition for validity. *Blanchard,* 633 S.W.2d at 622; *see also Burns,* 658 S.W.2d at 733; *Howard,* 589 S.W.2d at 750–52.

Section 10.05 of the Addison charter is substantially the same as the Angleton charter. *Blanchard,* 633 S.W.2d at 621–22. The opinion states that the council members could make the sufficiency arguments in a district court. *Blanchard,* 633 S.W.2d at 622; *accord Burns,* 658 S.W.2d at 733. Branch may do that here. The only issue before this Court is whether section 10.07 compelled the city council to call a recall election when the city secretary presented the recall petition and Branch refused to resign. The district court is the forum to argue the sufficiency issues. If the district court determines that the recall petition is insufficient, then it may enjoin the recall election. *See Burns,* 658 S.W.2d at 734.

### V. CONCLUSION

We direct respondents Branch, Dolan, and Reinker, in their capacities as members of the City Council of the Town of Addison, to vote to call a recall election for Branch. Respondents Branch, Dolan, Reinker, and Mayor Spruill, in their capacities as members of the City Council of the Town of Addison, are further directed to file in this Court a certified copy of respondents' official action calling a recall election for Branch. If respondents do not comply with this Court's directive, the writ shall issue.

---

*zalez,* 548 S.W.2d at 67; Tex.Gov't Code Ann. § 22.221(a) (Vernon 1988).

**3.** We express no opinion on whether the Town of Addison is the proper party to contest the sufficiency of the recall petition. *Cf. Burns,* 658

S.W.2d at 733 (suit filed by council member); *Blanchard,* 633 S.W.2d at 620 (suit filed by city in and through individual council members who were the subject of recall petitions).