**In re Mike PORTER, Rita Burks, and Peggy Rial, Relators.**

No. 05–04–00043–CV.

Court of Appeals of Texas, Dallas.

Feb. 9, 2004.

Jason Clarke Marshall, Arthur J. Anderson, Winstead Sechrest & Minick, P.C., G. Luke Ashley, Richard B. Phillips, Jr., Thompson & Knight L.L.P., Gerald Vincent Bright, Walker Bright & Lewis, P.C., Dallas, for Relators.

Amanda S. Lewis, Michael P. Jung, Strasburger & Price, L.L.P., David Ber-

man, Nichols Jackson Dillard Hager & Smith, LLP, Dallas, for Respondents.

Before Justices WRIGHT, MOSELEY, and MARTIN RICHTER.

## OPINION

Opinion by Justice MOSELEY.

Relators, who are residents and registered voters of Balch Springs, Texas, filed this original proceeding seeking a writ of mandamus ordering the city council of Balch Springs, Texas and all its members, Mike Poole, Ricky Willis, Howard Williamson, Rex Bridges, Michael Hall, Gary Jones, and mayor James Kelsey, to call a recall election. As qualified voters of Balch Springs, relators have standing to bring this proceeding. *See* BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.14 (2002).[1] We have jurisdiction to issue writs of mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election." *See* TEX. ELEC. CODE ANN. § 273.061 (Vernon 2003).

Relators contend respondents violated a ministerial duty set forth in the city charter to call the recall election after the city secretary certified as sufficient recall petitions for city council members Mike Poole, Ricky Willis, Howard Williamson, and Rex Bridges.[2] We agree and conditionally grant the writ.

The city charter for Balch Springs provides that the voters of the city, by following the procedures set forth in the charter, have the power of recall to seek the re-

moval from office of any member of the city council. *See* BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.01. The charter provides that the recall be initiated by the circulation of petitions and presentation of the petitions to the city secretary. *Id.* §§ 6.02–.06. The city secretary is to review the petitions to see if they are sufficient or insufficient. *Id.* § 6.06. To be certified as sufficient, the petitions must contain a certain number of voters' signatures. *Id.* §§ 6.05–.06 Section 6.06 provides:

If the petition is certified as sufficient, the City Secretary shall present the certificate of sufficiency to the City Council by the next regular City Council meeting, which shall be a final determination of the sufficiency of the petition. If a petition has been certified as insufficient and the petitioner's committee does not file notice of intention to amend it, the committee may, within five (5) working days after receiving the copy of such certificate, file a request that it be reviewed by the City Council. The City Council shall review the certificate at its next regular meeting following such request and affirm or reject the findings recited in the Certificate. Such decision by the City Council shall be a final determination of the sufficiency of the petition.

*Id.* § 6.06.

On October 22, 2003 the city secretary certified as sufficient the petitions for the recall of Rex Bridges, Mike Poole, Howard Williamson, and Ricky Willis. She pre-

---

1. "[A]ny qualified voter of the City of Balch Springs may seek judicial relief in any court of competent jurisdiction in Dallas County, Texas, to have said Court discharge any such duties herein provided to be discharged by the City Secretary or by the City Council; and further to have any of the provisions of this charter pertaining to initiative, referendum or recall carried out by the proper official."

BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.14.

2. Respondents Kelsey, Poole, Willis, Williamson, and Bridges filed a joint response to relators' petition. Respondents Hall and Jones filed letters stating that they would not file responses to the petition.

sented the four certificates of sufficiency to the city council at their regularly scheduled meeting on November 10, 2003. After presentation of the certificates, the council considered the next item on the agenda "Consideration and action on the presentation of Certificates of Sufficiency by the City Secretary of the Recall Petitions." Following a discussion about the sufficiency of the petitions, council member Poole moved to declare the petitions insufficient. The motion was seconded by council member Williamson. The motion passed, with Poole, Williamson, and Willis voting in favor, and Hall and Jones voting against.[3] The next item on the agenda was "Consideration and action to call a Special Recall Election for February 7, 2004, on Mike Poole, Rex Bridges, Howard Williamson and Ricky Willis and have a written and available ordinance of the Recall Election at the Regular Council Meeting." Mayor Kelsey recommended that no action be taken on the item. None of the council members made a motion on the item and the mayor declared it dead for lack of a motion.

Relators then filed this original proceeding against the city council, all council members and the mayor, contending they violated a ministerial duty under the charter. They argue section 6.06 of the charter creates a ministerial duty on the part of the council to call the recall election when the city secretary certifies a recall petition as sufficient. Respondents assert that under the city charter, the city council maintains discretion to refuse to call the election regardless of whether the city secretary certifies the petitions sufficient. They argue that because the charter allows the city council to review and reverse the city secretary's determination that a recall petition is insufficient, the council

maintains the converse right, i.e., to declare insufficient petitions that the city secretary certified to be sufficient. We disagree based on the plain language of section 6.06.

Section 6.06 provides two means of determining sufficiency of recall petitions: by certificate of the city secretary presented to city council, or, *if the city secretary certifies the petition is insufficient*, by the city council reviewing and rejecting the city secretary's negative findings as recited in the certificate. Thus, the charter provides that petitions declared sufficient and those declared insufficient by the city secretary are to be treated differently by the city council. The charter clearly allows the city council to review petitions declared insufficient by the city secretary and to declare them sufficient. The charter also clearly does not allow the city council to reconsider petitions declared sufficient by the city secretary. Under respondents' argument, the city council could overturn any certification, sufficient or insufficient. Respondents' argument would require the insertion of additional language into section 6.06, as well as require us to ignore the plain language of section 6.06.

Further, Respondents' reading of section 6.06 would render the city secretary's certificate of sufficiency to be advisory only, and bring section 6.06 into conflict with other provisions in the charter. Section 6.07 provides:

An elected official whose removal is sought by recall may, within five (5) working days after such recall petition in accordance with this article has been *either certified as sufficient by the City Secretary and presented to the City Council or, in the alternative, deter-*

---

**3.** Council member Bridges was not at the meeting. Mayor Kelsey did not vote because

the vote was not a tie. *See* BALCH SPRINGS, TEX., CITY CHARTER art. III, § 3.05(1).

*mined to be sufficient by the City Council,* request in writing to the City Secretary that a public hearing be held to permit him to present facts pertinent to the charges specified in the petition.

BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.07 (emphasis added).

Section 6.09 provides:

If the City Council member(s) whose removal is sought fails to resign, then the City Council shall order an election and set the date for holding such recall election. The date selected for the recall election shall be the first date permitted by law for holding said election after thirty (30) days *after the date the petition was presented to the City Council or determined as sufficient by the City Council* if there was no public hearing on the matter; or thirty days after the date of the public hearing, if one was held.

*Id.* § 6.09 (emphasis added).

These two sections each make clear the framers of the charter understood there are two means of obtaining a non-judicial determination that a recall petition is sufficient: certification of sufficiency by the city secretary, presented to the city council at its next regular meeting; or, if the city secretary certified the petition as insufficient, by the city council's review and rejection of the city secretary's findings recited in the certificate. The use of the conjunction "or" in both sections means that only one of the two events must take place to trigger the application of each section. If the city council had the power to overturn the city secretary's affirmative certification that a petition is sufficient, then that affirmative certification would be rendered advisory only, and the disjunctive

language in sections 6.07 and 6.09 would conflict with section 6.06.

Respondents also argue that allowing the city secretary to make the final decision as to sufficiency abrogates a right of the city council. The response filed on behalf of some of the Respondents also argues that their construction of the city charter would permit the city council to act as a check on the city secretary in the event his/her certification was the result of malfeasance. (The response is careful to note: "The respondents do not in this proceeding suggest that the Balch Springs City Secretary was the subject of improper influence or that she acted through any improper motive.")

These arguments may be considerations relevant to the drafting of the city charter; however, the city council is bound by the terms of the charter as written. As explained above, the clear language of the city charter creates no such right of the city council. Moreover, in the event a city secretary improperly certified a recall petition, the city council and the official(s) who are the subject(s) of the recall petition have other remedies available that do not require violation of the charter. For example, the final paragraph of section 6.06 allows for judicial review of the city's final determination as to the sufficiency of a petition for initiative, referendum, or recall. *See* BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.06.[4] *See also Howard v. Clack,* 589 S.W.2d 748, 751–52 (Tex.Civ. App.-Dallas 1979, orig. proceeding) (no authority in charter to review petitions for fraud but other remedies are available).

We conclude the charter creates a ministerial duty for the city council to proceed with the steps to calling a recall election once the city secretary presents it with a certificate of sufficiency of a petition. By

---

**4.** "A final determination as to the sufficiency of a petition shall be subject to review in a court of competent jurisdiction." BALCH SPRINGS, TEX., CITY CHARTER art. VI, § 6.06.

**712**

failing to do so with regard to the recall petitions for Rex Bridges, Mike Poole, Howard Williamson, and Ricky Willis, the Balch Springs city council violated its ministerial duty under the city charter and a writ of mandamus directing council members to carry out their duties under the city charter should issue. *See Duffy v. Branch*, 828 S.W.2d 211, 213–14 (Tex.App.-Dallas 1992, orig. proceeding).

Accordingly, the Court conditionally **GRANTS** the writ. The Court **ORDERS** respondents James Kelsey, Mike Poole, Ricky Willis, Howard Williamson, Rex Bridges, Michael Hall, and Gary Jones, in their capacities as mayor and city council members for the City of Balch Springs, Texas to comply with the provisions of section 6.06 of the city charter for the City of Balch Springs, Texas by accepting the city secretary's certifications of petitions for the recall of council members Rex Bridges, Mike Poole, Howard Williamson, and Ricky Willis as sufficient and to comply with the provisions of section 6.09 of the city charter for the City of Balch Springs, Texas by calling an election for the recall of council members, Rex Bridges, Mike Poole, Howard Williamson, and Ricky Willis, if they do not resign, on the first date permitted by law for the holding of an election after the date of this order. The city secretary is **ORDERED** to file a certified copy of the transcript of the city council meeting and any documents related thereto which show that the city council has complied with this order or an affidavit that they have not complied within thirty days of the date of this order.