### In re Stanley L. JONES and Katherine Elaine Campbell.

#### No. 09–11–00053–CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 18, 2011.

Decided Feb. 23, 2011.

E. Bruce Mintz, Liberty, for relator.

Craig A. Washington, The Washington, Law Firm, Harold V. Dutton, Jr., Law Office of Harold V. Dutton, Jr., Kenneth E. Wall, Olson & Olson, Houston, for respondents.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

## OPINION

PER CURIAM.

Stanley L. Jones and Katherine Elaine Campbell, residents of the City of Cleveland, have petitioned for a writ of mandamus to compel the Mayor and Council Members of the City of Cleveland to call and hold recall elections for three Council Members. The City of Cleveland is a home-rule municipality operating under a home-rule charter. *See* Tex. Loc. Gov't Code Ann. § 5.004 (West 2008). The Charter reserves to the people of the City of Cleveland the power to recall any elected officer of the City. *See* Cleveland, Tex., Home Rule Charter art. IX, § 9.07 (Apr. 4, 1981, as amended May 20, 2008). That power may be exercised by filing with the City Secretary a petition demanding the removal of the elected officer. The petition must "be signed by at least twenty-five (25) percent of the number of votes cast in the last regular City election or two-hundred and fifty (250), whichever is greater[.]" *Id.* If the petition is certified in writing by the City Secretary to be sufficient, the Council shall order and hold an election within forty-five days to determine whether the officer shall be recalled. *Id.* at § 9.08.

On December 3, 2010, Relators filed with the City Secretary petitions to recall Council Members Barbara McIntyre, Cedric McDuffie, and Durlene Davis. On January 6, 2011, the City Secretary certified each petition to be sufficient under the Charter and the Election Code. The City Council was advised by the City's attorney at the January 11 meeting that the Council had a non-discretionary duty to order the recall elections, and if Council failed to call the elections, a court would compel them to do so. The City Council failed to call the elections. On February 8, 2011, the City Council failed to approve ordinances ordering special elections for the recall of

McIntyre, McDuffie, and Davis. Relators petition this Court to compel Council Members McIntyre, McDuffie, Davis, Eddie Lowery, and Delores Terry, and Mayor Jill Kirkonis, to call for and hold the recall elections at the next authorized uniform election date. *See* Tex. Elec.Code Ann. § 273.061 (West 2010). A response has been filed on behalf of the Mayor and the Council Members. Kirkonis and Lowery also filed disclaimers of interest in the proceeding and its outcome.

■ This Court "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election[.]" *Id.* The Home Rule Charter for the City of Cleveland requires the Council to order and hold an election within forty-five days of the date on which the City Secretary certifies a recall petition to be sufficient. *See* Cleveland, Tex., Home Rule Charter art. IX, § 9.08. Respondents do not suggest that any of the recall petitions are deficient or fail to meet the requirements for a recall petition under the Charter. The only arguments presented by the Respondents are: (1) the certifications are void because the City Secretary vacated her office in October 2010 when the City Council named her the Interim City Manager; and (2) the petition to recall McIntyre would be futile because she is term-limited under the Charter and cannot place her name in nomination for City Council. In reply, Relators contend: (1) the positions of City Secretary and City Manager are not "civil offices" within the purview of the constitutional ban on holding dual offices of emolument; and (2) a recall of McIntyre

would make her ineligible for an appointive position for two years following her recall.

■ With some exceptions not at issue here, "[n]o person shall hold or exercise at the same time, more than one civil office of emolument[.]" Tex. Const. art. XVI, § 40. On October 1, 2010, all members present at the City Council meeting voted to appoint the City Secretary, Kelly McDonald, as Interim City Manager and increased her salary. Respondents contend that when McDonald accepted the position of Interim City Manager, the office of City Secretary immediately became vacant. *See State ex rel. Kingsbury v. Brinkerhoff,* 66 Tex. 45, 17 S.W. 109, 110 (1886). In *Brinkerhoff,* a person who had been elected and qualified as city secretary was appointed as recorder. *Id.* On a challenge to the office-holder's right to hold and exercise the powers of recorder, the Relator contended that by continuing to act as city secretary and by failing to resign from that office, the office-holder had elected to hold the office of city secretary. *Id.* The Court held that the acceptance of and qualification for an office incompatible with the one held is a resignation of the former office. *Id.* Respondents contend that after October 1, 2010, all official acts by the City Secretary were void, her certifications of Relators' recall petitions are void, and the City Council members cannot be subject to mandamus for failing to call the elections.[1]

■ Under the Charter, the City Manager has the power to "[p]erform such duties as ... may be required of [her] by the City Council, not inconsistent with this

---

1. Relators contend that neither of the positions served by McDonald is a "public office" for purposes of the constitutional ban on dual office holding. *See Aldine Indep. Sch. Dist. v. Standley,* 154 Tex. 547, 280 S.W.2d 578, 583 (1955) (A "public officer" exercises a sovereign function of the government for the benefit of the public largely independent of the

control of others.), *overruled on other grounds by Nat'l Sur. Corp. v. Friendswood Indep. Sch. Dist.,* 433 S.W.2d 690, 693–94 (Tex.1968); *Tilley v. Rogers,* 405 S.W.2d 220, 224 (Tex. Civ.App.-Beaumont 1966, writ ref'd n.r.e.) (applying definition of "public office" to "civil office" under Article XVI, § 40).

Charter." Cleveland, Tex., Home Rule Charter art. IV, § 4.01(c)(5). Moreover, the City Council may "consolidate such offices ... as it may deem to be in the best interest of the City[.]" *Id.* art. IV, § 4.02; *see also* Tex. Loc. Gov't Code Ann. § 26.041 (West 2008) (A municipality may create offices.). The City Charter provides that the City Manager is to perform the duties required of her by the City Council, not inconsistent with this Charter. Cleveland, Tex., Home Rule Charter art. IV, § 4.01(c)(5). *See also* Tex. Att'y Gen. Op. No. JM–279 (1984) (A home-rule city may designate an assistant city manager to perform the tasks of a city secretary and thereby confer the duties of city secretary on two persons.). Although the Office of City Manager is specifically established by the Charter, the Office of City Secretary is not.[2] Even if her appointment as Interim City Manager automatically vacated the position of City Secretary, McDonald continued to perform the duties of the City Secretary in her position as Interim City Manager as required by the City Council. Furthermore, "[t]he law validates the acts of an officer *de facto* on public policy grounds." *Rivera v. City of Laredo,* 948 S.W.2d 787, 794 (Tex.App.-San Antonio 1997, pet. denied). After naming McDonald as Interim City Manager, the City Council vested McDonald with the appearance of being the City Secretary by referring to her in that capacity in meetings of the City Council and by having her perform the duties of City Secretary in those meetings. We conclude Kelly McDonald's official acts as City Secretary while holding the position of Interim City Manager are not void.

■ "[W]e will not issue mandamus 'if for any reason it would be useless or una-

vailing.'" *Dow Chem. Co. v. Garcia,* 909 S.W.2d 503, 505 (Tex.1995) (quoting *Holcombe v. Fowler,* 118 Tex. 42, 9 S.W.2d 1028, 1028 (1928)). Respondents argue that issuance of a writ of mandamus compelling action on a recall election regarding McIntyre would not effectively achieve the Relators' objective of recalling McIntyre, who is currently serving her third consecutive term on City Council. *See* Cleveland, Tex., Home Rule Charter art. III, § 3.01(c) ("No person shall be elected to more than three (3) consecutive regular two (2) year terms as a Council Member or Mayor."). In reply, Relators contend that, absent a recall, McIntyre would remain eligible to run for Mayor in the next mayoral election and would be eligible to serve the City of Cleveland in an appointive position.

While McIntyre "remains in office, the calling of a recall election is not a moot issue." *See Duffy v. Branch,* 828 S.W.2d 211, 213 (Tex.App.-Dallas 1992, orig. proceeding). If recalled, McIntyre would not be eligible under the terms of the Charter to hold elective or appointive office in the City of Cleveland for a period of two years from the date of the recall election. *See* Cleveland, Tex., Home Rule Charter art. IX, § 9.09. Because a successful recall election would affect McIntyre's eligibility to serve the City of Cleveland for the two year period following her recall, it would not be useless and unavailing to order the Mayor and Council Members to perform their mandatory duties concerning calling the recall election.

■ A writ of mandamus will issue to compel a public official to perform a ministerial act. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex.1991).

---

**2.** The Charter does not define "City Secretary." Under the Election Code, the term "City secretary" includes a city clerk, or, in a city that has no city secretary or clerk, the city officer who performs the duties of a city secretary." Tex. Elec.Code Ann. § 1.005(1) (West 2010).

"An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* Other than the reasons that we have addressed and rejected, the Mayor and Council Members have not challenged the certification or advanced any excuse for not acting on the petitions. The Charter provides no discretion for a council member who is not disqualified to refuse to vote to order the recall election. The duty to call the election does not depend on whether a council member agrees or disagrees with the advisability of a recall election. *See Duffy,* 828 S.W.2d at 213; *see also In re Porter,* 126 S.W.3d 708, 711 (Tex.App.-Dallas 2004, orig. proceeding [mand. denied]) ("The city council is bound by the terms of the charter as written."). When the petition is properly certified, as provided by the Charter, the Charter permits only one action by the City Council: it must "order and hold an election within forty-five (45) days to determine whether such officer[s] shall be recalled." Cleveland, Tex., Home Rule Charter art. IX, § 9.08.[3] *See In re Porter,* 126 S.W.3d at 711 (City council had ministerial duty to call the recall election once the secretary presented a certificate of sufficiency.). This Court directs Jill Kirkonis, Eddie Lowery, Barbara McIntyre, Cedric McDuffie, Durlene Davis, and Delores Terry *to timely order recall elections* for Council Members Barbara McIntyre, Cedric McDuffie, and Durlene Davis. After ordering the recall elections, Respondents shall immediately file with the Clerk of this Court a certified copy of their official action ordering the recall elections.

PETITION GRANTED.

3. The Texas Election Code provides that the election shall be held on an authorized uniform election date:

· (a) If a law outside this code other than the constitution requires a special election subject to Section 41.001(a) to be held within a particular period after the occurrence of a certain event, the election shall be held on an authorized uniform election date occurring within the period unless no uniform election date within the period affords enough time to hold the election in the manner required by law. In that case, the election shall be held on the first authorized uniform election date occurring after the expiration of the period. Texas Elec.Code Ann. § 41.004(a) (West 2010).