## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 2, 2011

The Honorable Vince Ryan
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002

Opinion No. GA-0870

Re: Authority of a county judge to order a
municipal recall election (RQ-0945-GA)

Dear Mr. Ryan:

You seek our opinion on the authority of the Harris County Judge to order a recall election pursuant to Jacinto City's (the "City") municipal charter.[1] You tell us that the City, a home-rule city within Harris County, received a petition for the recall of a member of the city council. *See* Brief at 1. You indicate the petition was certified as sufficient by the city secretary, as required by the City's charter, and that the city council refused to order the recall election. *See id.* You direct us to a provision in the City's charter which, in the event the city council fails or refuses to order the recall election, requires the County Judge of Harris County to discharge the duties of the city council in calling the election. *See id.* (quoting Jacinto City Charter, art. 9, § 13) (portion of charter attached to Request Letter).

Home-rule cities have broad powers of self government, derived not from the Legislature but from the Texas Constitution. TEX. CONST. art. XI, § 5; *see Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998). Such cities look to the Legislature only for limitations on their powers. *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975). A home-rule city has all the powers of the state not inconsistent with the Texas Constitution and general laws of the state. *See Proctor*, 972 S.W.2d at 733. Here, with its charter requirement that the county judge "shall discharge any such duties herein provided to be discharged by the . . . City Council," the City imposes a duty on the judge. Brief at 1 (quoting Jacinto City Charter, art. 9, § 13); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (West 2005) (absent context to the contrary, "'[s]hall' imposes a duty"). Thus, we consider whether the imposition on a county judge of this duty by city charter is inconsistent with Texas law.

---

[1]*See* Letter and attached Memorandum Brief from Honorable Vince Ryan, Harris County Attorney, to Honorable Greg Abbott, Attorney General of Texas at 1 (Feb. 14, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter" and "Brief" respectively).

In the context of ordering elections, a county judge[2] has limited authority to function independently of the county court or the commissioners court. *See* TEX. ELEC. CODE ANN. § 3.004(a)(1) (West 2010) (authorizing county judge to order the "general election for officers of the county government"); TEX. LOC. GOV'T CODE ANN. §§ 7.003 (West 2008) (authorizing a county judge to call an incorporation election upon satisfactory proof regarding an application to incorporate as a Type B general-law city), 8.003 (authorizing a county judge to call an incorporation election for a Type C general-law city upon proof of the requisite population). Though a county judge has some authority to order specific elections, we find no statute authorizing a county judge to order a municipal recall election. Moreover, because a recall election is a special election, it may be ordered by only an authority expressly designated by law. *See Countz v. Mitchell*, 38 S.W.2d 770, 773 (Tex. 1931) ("[W]here the election is a special one, to be called and the time and place fixed by some authority, it is essential to the validity thereof that it be called or ordered by the very authority designated by law and none other."). *See also* TEX. ELEC. CODE ANN. § 1.005(18) (West 2010) (defining "special election" as "an election that is not a general or primary election"); *Burns v. Kelly*, 658 S.W.2d 731, 734 (Tex. App.—Fort Worth 1983, orig. proceeding) (recognizing pursuant to definition of "special election" that a recall election is a special election). And the Texas Supreme Court has recognized that a county judge does not have inherent authority to order a special election. *See Countz*, 38 S.W.2d at 773 (stating in the context of a school annexation special election that "[t]he county judge has been authorized in various statutes to order special elections provided for, but there is no statute conferring general power upon the county judge to order special elections").

Texas law does not authorize a county judge to order a special municipal recall election. In addition, although no Texas court has directly considered the question, some state appellate courts in the municipal recall context have questioned whether a county judge has authority to order a such an election. *See Duffy v. Branch*, 828 S.W.2d 211, 213 (Tex. App.—Dallas 1992, orig. proceeding) ("[W]e question whether the Town . . . can impose this duty [to call a city recall election] on the . . . County Judge."); *Blanchard v. Fulbright*, 633 S.W.2d 617, 624 (Tex. App.—Houston [14th Dist.] 1982, orig. proceeding) ("We believe there is considerable question as to the authority of the City . . . through adoption of a City Charter to impose on the County Judge . . . the duty and obligation to order a recall election when there is otherwise no statutory or constitutional authority for doing so."). We therefore believe that a city charter provision imposing a duty upon a county judge to perform an act the county judge has no authority under Texas law to perform is inherently inconsistent with Texas law and unenforceable. *See Dallas Merch's & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 491 (Tex. 1993) ("An ordinance of a home-rule city that attempts to regulate a subject matter preempted by a state statute is unenforceable to the extent it conflicts with the state statute.").

We advise you that charter provisions, similar to the City's requiring a city council to order the recall election, have been determined by the state's appellate courts to impose upon the city

---

[2]A county judge is a constitutional officer with both administrative and judicial powers. *See* TEX. CONST. art. V, §§ 15 (establishing county court to be presided over by an elected county judge), 18(b) (providing that the county judge presides over the county commissioners court).

council the ministerial duty, subject to compulsion by mandamus, to order the recall election. *See In re Jones*, 335 S.W.3d 772, 776 (Tex. App.—Beaumont, orig. proceeding) (granting writ of mandamus to city council members to order recall election pursuant to duties under charter provision), *Duffy*, 828 S.W.2d at 212–13 (stating that recall charter provision is mandatory, allowing no discretion in the city council, and ordering city council to vote to order recall election), *Burns*, 658 S.W.2d at 734 (issuing writ of mandamus to city council to call recall election), *Howard v. Clack*, 589 S.W.2d 748, 752 (Tex. Civ. App.—Dallas 1979, orig. proceeding) (finding charter imposed mandatory, ministerial duty on city council to call recall election and issuing writ of mandamus); *see also* TEX. ELEC. CODE ANN. § 273.061 (West 2003) (providing that "[t]he supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election"); *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (mandamus will lie to compel the performance of a ministerial duty).

## S U M M A R Y

Texas law does not authorize a county judge to order a municipal recall election. We believe that a city charter provision imposing a duty upon a county judge to perform an act that the county judge has no authority under Texas law to perform is inherently inconsistent with Texas law and unenforceable.

We advise you that appellate courts have determined that similar municipal charter provisions impose upon a city council the ministerial duty, subject to compulsion by mandamus, to order the recall election.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee