# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00087-CV

**In re Donald Ray Lee, Latricia Doyal, Paulette Savage and Jonathan Chase**

### ORIGINAL PROCEEDING FROM MCCULLOCH COUNTY

### O P I N I O N

Donald Ray Lee, Latricia Doyal, Paulette Savage, and Jonathan Chase, the Relators, are residents and registered voters of Brady, Texas. The Relators seek a writ of mandamus ordering the Brady City Council and the Brady City Secretary, the Respondents, to order the recall election of the Mayor of Brady, Gail Lohn. The Respondents have filed a response. *See* Tex. R. App. P. 52.4. Pursuant to section 273.061 of the Texas Election Code, this Court has jurisdiction "to compel the performance of any duty imposed by law in connection with the holding of an election . . . ." *See* Tex. Elec. Code Ann. § 273.061 (West 2010). Upon considering the arguments presented in the petition and the response, we conditionally grant the writ.

The City of Brady is a home-rule municipality. *See* Brady, Tex., Home Rule Charter, §§ 1.01-14.03 (2011). Under the Brady City Charter, qualified voters may remove their elected City officials from office through a recall election "for reason of incompetence, noncompliance with this Charter, misconduct or malfeasance in office." *Id*. § 8.01. The recall process is initiated when any qualified voter in the City files with the City Secretary an affidavit naming the person or persons to be recalled and the reasons therefor. *Id*. § 8.03. Within two working days of the filing of the

affidavit, the Secretary must issue to the affiant a "petition blank" in the form prescribed by section 8.04 of the Charter and signed by the Secretary. *Id*.

Next, the recall petition is circulated for signatures. The Charter provides that the petition must be "signed by qualified voters of the City equal in number to at least twenty percent (20%) of the number of votes cast in the last regular municipal election of the City or 250, whichever is greater." *Id*. § 8.02. Each person signing the recall petition shall "affix his residence address and the date of signing." *Id*. The petition must also "be addressed to the Council and must distinctly and specifically state the reason(s) for removal. The petition shall specifically state each reason with such certainty as to give the official to be removed notice of such matters and things with which he is charged." *Id*. § 8.04.

Upon circulation, the recall petition is filed with the City Secretary, who reviews the petition to determine if it is sufficient or insufficient. *See id*. §§ 8.05 ("The City Secretary shall follow the certification procedures as described in Section 9.04."), 9.04 (regarding determination of sufficiency). The City Secretary must "complete a certification as to the sufficiency of the petition within ten (10) days." *Id*. § 9.04. The Secretary then "present[s] the certified petition to the Council at the next regular meeting," and "if the accused official does not resign, the Council *shall* order an election for the earliest lawful date in accordance with State election laws." *Id*. §§ 8.06, 8.08 (emphasis added).

In this case, the Relators, along with other qualified voters in the City of Brady, initiated the recall-election process. On January 25, 2013, the Relators filed a petition for a recall election with the City Secretary seeking to remove the Mayor. Attached to the petition was the eight-page affidavit of a qualified voter, detailing specific factual allegations in support of the recall. On

2

January 31, 2013, the City Secretary issued a "Certification of City Secretary," stating that the recall petition was insufficient. According to the certification, the recall petition had the required number of signatures of qualified voters. The certification went on to state that "after consultation with the Interim City Attorney" the Secretary had concluded that "none of the allegations provided by the affiant . . . constitute legally sufficient grounds for recalling Mayor Lohn." The next day, at its next regular session, the City Council approved the City Secretary's certification of insufficiency and refused to order a mayoral recall election.

This Court may compel, by writ of mandamus, a public official to perform a ministerial act. *Walker v. Packer*, 827 S.W.2d 833 (1992). "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient specificity that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). The Relators contend that the City Secretary and City Council violated ministerial duties established in the City Charter. Specifically, the Relators contend that because it is undisputed that the recall petition contained the correct numbers of signatures, the Secretary was obligated to certify the petition as sufficient and the Council was obligated to order the recall election.

In response, the Respondents do not contend that the recall petition lacks the required number of valid signatures. Instead, the Respondents contend that the Charter authorizes the City Secretary to review the factual allegations supporting the recall and to determine, in his or her discretion, if the allegations are sufficient to give rise to a claim "for reason of incompetence, noncompliance with this Charter, misconduct or malfeasance in office." Further, the Respondents contend that in this case, the allegations in the recall petition fail to constitute sufficient grounds for recalling the Mayor.

3

In support of their argument, the Respondents rely on section 9.04 of the Charter. Specifically, the Respondents argue that section 9.04 requires the City Secretary to review the recall petition and affidavit and to confirm that legally adequate grounds for recall authority have been alleged. Further, the Respondents contend that this evaluation necessarily requires judgment and discretion. Upon review of the City Charter, we disagree that section 9.04, or any other provision in the Charter, gives any official of the City of Brady the discretionary right or duty to determine the factual or legal sufficiency of a recall petition.

Section 9.04 is entitled "Determination of Sufficiency" and applies not only to recall petitions, but also to initiative and referendum petitions. Brady, Tex., Home Rule Charter, art. IX, § 9.04 (2011); *see id*. § 9.03 (regarding requirements for initiative and referendum petitions). Section 9.04 provides, in relevant part, the following:

> [(a)] Certificate of City Secretary. The City Secretary shall complete a certificate as to the sufficiency of the petition within (10) ten days after it is filed. The petitioners' committees will be notified by registered mail of any insufficiencies in the petition.

> [(b)] Sufficient Petition, Final Determination. If the petition is certified sufficient, the City Secretary shall present the certificate to the Council by the next regular council meeting and the certificate shall be final.

> [(c)] Insufficient Petition, Final Determination. If a petition is certified insufficient and the petitioners' committee does not elect to amend or request Council review under subsections (d) and (e) of this section, the City Secretary shall present a certificate to the Council by the next regular council meeting which shall be final.

> [(d)] Insufficient Petition, Appeal. If a petition has been certified insufficient and the petitioners' committee does not file notice of intention to amend it as in Section 9.04(e), the committee may, within two (2) working days after receiving notice of insufficiency, file a request that it be reviewed by the Council. The Council shall review the certificate at its next regular meeting following the filing of such

4

request and approve it or disapprove it, and the determination of the Council shall then be final.

[(e)] Insufficient Petition, Amending. A petition certified insufficient for lack of required number of valid signatures may be amended one (1) time if the petitioners' committee files a notice of intention to amend with the City Secretary within two (2) working days after receiving notice of insufficiency and files a supplementary petition with additional names within two (2) weeks after receiving such notice. Such supplementary petition shall comply with the requirements of 9.03.

*Id*. § 9.04. Section 9.04 clearly gives authority to the City Secretary to certify a recall petition as insufficient for lack of required signatures, subject to a right to amend.

The Respondents contend that section 9.04 is not limited to review for lack of required signatures but instead contemplates that petitions may be certified as insufficient for other reasons, including insufficient allegations. In making this argument, the Respondents point to language in section 9.04(a) referring to "any insufficiencies in the petition." *See id*. § 9.04(a). Considering the Charter as a whole, we cannot conclude that section 9.04 clearly gives the City Secretary any authority to certify a recall petition as "insufficient" with regard to the factual or legal allegations made in the affidavit and recall petition. Rather, the language of section 9.04 is ambiguous, at best, concerning what review, if any, the Secretary can perform with regard to the sufficiency of the petition beyond verifying the number of signatures of qualified voters.

Our sister court of appeals in Houston was presented with a similar issue in *Blanchard v. Fulbright*, 633 S.W.2d 617, 622 (Tex. App.—Houston [14th Dist.] 1982, orig. proceeding). In that case, the court of appeals considered whether a charter that simply provided for recall petitions to be presented to the city council gave the council the authority to determine the sufficiency of the petition's allegations by discretionary "judicial review." *Id*. at 621. In holding

that the charter did not delegate such a right or duty, the court of appeals explained that allowing the council to "make the ultimate determination of sufficiency of the petition would commit the decision to a body that could not be considered impartial." *Id*. at 622 (quoting *Howard v. Clack*, 589 S.W.2d 748, 752 (Tex. Civ. App.—Dallas 1979, orig. proceeding)). The court concluded that "[n]o authority to determine the sufficiency of recall petitions should be inferred to exist in the city council, in the absence of an *express* provision in the City Charter." *Id*. (emphasis added).

Similarly, in this case, a review of the sufficiency of the allegations supporting recall would, in essence, amount to a non-judicial determination by the City Secretary and the City Council of whether the facts as alleged give rise to a legal basis for recall under the City Charter. If the Mayor believes that the allegations are insufficient, due process affords her the right to file suit in district court and obtain a judicial determination of sufficiency of the allegations. *See Burns v. Kelly*, 658 S.W.2d 731, 733 (Tex. App.—Fort Worth 1983, orig. proceeding) (citing *Blanchard*, 633 S.W.2d at 622). Therefore, in the absence of an express provision clearly authorizing the City Secretary or City Council to make this determination in certifying the petition, we will not infer that such authority exists. *See Blanchard*, 633 S.W.2d at 622; *see also In re Carla Lee Unson*, 120 S.W.3d 477, 480 (Tex. App.—Corpus Christi 2003, orig. proceeding) (refusing to infer from language in charter that city secretary or commissioners had right or duty to examine sufficiency of recall petitions). Accordingly, the City Secretary and City Council have no discretion to exercise with respect to reviewing the sufficiency of the allegations supporting the Relators' recall petition.

The Charter for the City of Brady creates a ministerial duty for the City Secretary to certify a recall petition upon determining that it contains the requisite number of signatures. *See* Brady, Tex., Home Rule Charter, art. IX, § 9.04. Likewise, the City Charter creates a ministerial

duty for the City Council to order a recall election if the official whose removal is sought refuses to resign. *See id*. art. VIII, § 8.08. Here, there is no dispute that the recall petition included the correct number of signatures. Further, there is no explicit discretionary duty relied upon by the City Secretary for refusing to certify the recall petition as sufficient or by the City Council for refusing to order a recall election. Under these facts, we conclude that mandamus relief is warranted.

We conditionally grant the mandamus relief requested and order the Brady City Secretary to certify the recall petition as sufficient and forward the petition to the Brady City Council. We direct the members of the Brady City Council to order a recall election for the earliest lawful date if Mayor Lohn does not resign, subject to stay by a court of competent jurisdiction. *See Duffy v. Branch*, 828 S.W.2d 211, 214 (Tex. App.—Dallas 1992, orig. proceeding) (noting that district court is "forum to argue the sufficiency issues" and that district court may "enjoin the recall election"). A writ of mandamus will issue only if the City Secretary and the City Council members fail to comply by March 1, 2013.[1] In addition, the members of the City Council are directed to file in this Court, as soon as practicable thereafter, a certified copy of their official action ordering a recall election.

_____

Scott K. Field, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: February 28, 2013

_____

[1] Both parties agree that if the City Council orders a recall election the date of the election would be May 11, 2013. *See* Tex. Elec. Code Ann. § 41.001(a)(2) (West Supp. 2012) (uniform election dates). In addition, according to the Respondents, the recall election would need to be ordered no later than March 1, 2013. *See id*. § 3.005 (West 2010) (ordering of elections).

7