

ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 3, 2014

The Honorable Michael E. Welborn
District Attorney
36th Judicial District
Post Office Box 1393
Sinton, Texas 78387

Opinion No. GA-1043

Re: Whether a city council may authorize its city attorney to seek injunctive relief to prohibit a recall election of city council members (RQ-1147)

Dear Mr. Welborn:

You describe a situation in which a group of citizens in the city of Sinton (the "City") filed a petition with the city secretary to recall three council members.[1] The city secretary certified the petition "in accordance with . . . the Sinton City charter." Request Letter at 1. You tell us that the City did not order the recall election but that the "three council members named in the recall petition voted to authorize the City Attorney" to file suit in the 343rd Judicial District Court of San Patricio County. *See id.* The lawsuit sought a declaratory judgment that the recall petition did not meet the requirements of the city charter.[2] The lawsuit also sought to enjoin the holding of an election while the sufficiency of the recall petition was being determined and petitioned for an injunction to keep the defendants, named as the citizens who filed the recall petition, from filing a mandamus action to compel the City to order the recall election.[3] City's

---

[1]*See* Letter from Honorable Michael E. Welborn, Dist. Att'y, 36th Jud. Dist., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Apr. 26, 2013) attached to cover letter dated Aug. 19, 2013, http://www.texasattorneygeneral.gov/opin ("Request Letter").

[2]*See* Plaintiff's Original Petition for Declaratory Judgment and Injunctive Relief at 4, *City of Sinton v. Rigotti*, No. S-12-5822-CV-C (343rd Jud. Dist. Ct., San Patricio Cnty., Tex. Sept. 18, 2012) (on file with the Op. Comm.) ("City's Petition").

[3]The city's lawsuit has been dismissed. *See* Motion for and Dismissal on Non-Suit, *City of Sinton v. Rigotti*, No. S-12-5822-CV-C (343rd Jud. Dist. San Patricio Cnty., Tex. Aug. 7, 2013) attached to Request Letter (on file with the Op. Comm.).

Petition at 5. You question the legality of these actions by the City. *See* Request Letter at 1. We understand your primary concern to be whether the City should have been the party to take these actions on behalf of the individual council members who were the subject of the recall petition.

The Uniform Declaratory Judgments Act (the "Act") authorizes a "person . . . whose rights, status, or other legal relations are affected by a . . . municipal ordinance" to "have determined any question of construction or validity arising under the . . . ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder." TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2008). The Act defines a "person" to include a "municipal or other corporation of any character." *Id.* § 37.001. As in any other lawsuit, to establish standing under the Act, a party "must show a particularized, legally protected interest that is actually or imminently affected by the alleged harm." *Save Our Springs Alliance, Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 882 (Tex. App.—Austin 2010, pet. denied).

In the context of a legal challenge to the sufficiency of a recall petition, we have found no case recognizing that a city itself has the requisite legal interest necessary to establish standing. Numerous courts, however, have consistently recognized the right of an individual officeholder who is the subject of a recall petition to file a declaratory judgment action to establish the sufficiency of a recall petition. *See Blanchard v. Fulbright*, 633 S.W.2d 617, 622 (Tex. App.— Houston [14th Dist.] 1982, orig. proceeding); *see also In re Lee*, 412 S.W.3d 23, *4 (Tex. App.—Austin 2013, orig. proceeding) (citing *Blanchard* for the mayor's right to file a declaratory action); *In re Suson*, 120 S.W.3d 477, 480 (Tex. App.—Corpus Christi 2003, orig. proceeding) (citing *Blanchard* for the right of "those parties subject to recall" to file suit); *Burns v. Kelly*, 658 S.W.2d 731, 733 (Tex. App.—Fort Worth 1983, orig. proceeding) (citing *Blanchard* and referring to a council member's right to file suit). At least one court has acknowledged, without resolving, the question of whether a city is the appropriate party to challenge the sufficiency of a recall petition. *See Duffy v. Branch*, 828 S.W.2d 211, 214 & n.3 (Tex. App.—Dallas 1992, orig. proceeding) (citing *Blanchard* for the proposition that "[t]he district court is the forum to argue the sufficiency issues" but expressing "no opinion on whether the Town of Addison is the proper party to contest the sufficiency of the recall petition").

Taken together, these cases could be interpreted to indicate that individual officeholders, not cities, are the appropriate plaintiffs to bring lawsuits challenging the sufficiency of petitions to recall city council members. Generally speaking, the legal interest of the individual officeholder in defeating a petition to remove him or her from office is the kind of concrete, particularized interest necessary to establish standing. The city, on the other hand, has no authority to act contrary to the requirements of its charter. *See City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007) (stating that home-rule cities "have 'all the powers of the state not inconsistent with the Constitution, the general laws, or the city's charter'") (quoting *Proctor v. Andrews*, 972 S.W.2d 729, 733 (Tex. 1998). In a situation in which a city's charter requires the city council to order a recall election, a court could conclude that the city has no legally protected interest in avoiding compliance with its charter. *See* Sinton, Tex., Charter art. IV, § 4.10 (mandating that the city council "shall" order a recall election if the city secretary certifies the sufficiency of a recall petition). Nonetheless, whether a particular city has a legal interest that confers standing on the city to challenge the sufficiency of a recall petition is a fact question for a

court and not this office.  *See* Tex. Att'y Gen. Op. No. GA-0876 (2011) at 1 (noting that questions of fact are not resolved in the opinion process).  To the extent that a court has already made this determination, it is not for this office to question the court's judgment.

We can address your remaining concerns only in general terms.  Texas courts have held that a city council has a ministerial duty to order a recall election when the city's charter so requires.  *Blanchard*, 633 S.W.2d at 621–22; *Duffy*, 828 S.W.2d at 212–13; *In re Lee*, 412 S.W.3d at *4.  Texas courts have further held that the existence of challenges to the sufficiency of the recall petition does not relieve the city council of its duty to follow the charter by ordering a recall election.  *Duffy*, 828 S.W.2d at 214 (stating that the pendency of a declaratory judgment action to determine the sufficiency of a recall petition "does not have any bearing" on the issues in a mandamus proceeding to compel a recall election); *Burns*, 658 S.W.2d at 733–34 (holding that the court was not required to abate a mandamus proceeding to await the outcome of a suit challenging the "factual sufficiency" of a recall petition).  If, however, a court reviewing the sufficiency of the recall petition enjoins the recall election, the city should of course abide by the court's order. *See Duffy*, 828 S.W.2d at 214 (stating that "[i]f the district court determines that the recall petition is insufficient, then it may enjoin the recall election").

To the extent that a court has already acted in a way that resolves the particular dispute about which you inquire, it is not for this office to question the court's action.

## S U M M A R Y

An individual officeholder who is the subject of a recall petition would generally have standing to file a declaratory action to establish the sufficiency of the recall petition. Whether any particular city can likewise establish standing to challenge the sufficiency of a recall petition is for a court to determine.

The existence of challenges to the sufficiency of a recall petition does not relieve a city council of its duty to order a recall election if the city charter so requires. To the extent that a court has already acted to resolve any particular recall dispute, it is not for this office to question the court's action.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee