

IN THE
TENTH COURT OF APPEALS

No. 10-14-00341-CV

IN RE MILTON JOHNSON, HAZEL EMBRA,
JOYCE RATTLER, AND LASHUNDA WHITE

Original Proceeding

## MEMORANDUM OPINION

The Election Code provides a remedy through mandamus "to compel the performance of any duty imposed by law in connection with the holding of an election[.]" TEX. ELEC. CODE ANN. § 273.061 (West 2010). In this original proceeding, the Relators seek a writ of mandamus directing the council members of the City of Hearne to order a recall election of Council Member Maxine Vaughn. *See generally In re Stewart,* No. 09-11-00467, 2011 WL 3847449 (Tex. App.—Beaumont Aug. 21, 2011, orig. proceeding); *In re Jones,* 335 S.W.3d 772 (Tex. App.—Beaumont 2011, orig. proceeding); *Duffy v. Branch,* 828 S.W.2d 211 (Tex. App.—Dallas 1992, orig. proceeding). We will conditionally grant mandamus relief.

The Relators are a former mayor (Milton Johnson) and three city-council members (Hazel Embra, Joyce Rattler, and Lashunda White) of the City of Hearne. The Respondents are Vaughn, the City of Hearne, the current mayor (Ruben Gomez), Council Member Michael Werlinger, and City Secretary Anna Florida.

Hearne is a home-rule municipality operating under a home-rule charter. *See* Tex. Loc. Gov't Code Ann. § 5.004 (West 2008). The Charter reserves to the qualified voters of Hearne the power to recall any elected official of the City "on grounds of incompetency, misconduct or malfeasance in office." Hearne, Tex., Home Rule Charter art. 6, § 6.01 (May 18, 1964, as amended). That power may be exercised by filing with the city secretary a petition demanding the removal of the elected officer. *Id.* at § 6.02. The petition must "be signed by qualified voters of the City equal in number to at least 30% of the number of votes cast at the last regular municipal election of the City, but in no event less than 150 such petitioners." *Id.* When the city secretary presents the recall petition to the city council, the officer whose removal is sought may, within five days request a public hearing, which must be held not less than five nor more than fifteen days after receiving the request for a hearing. *Id.* at §§ 6.05–6.06. If the officer does not resign, "it shall become the duty of the city council to order an election and fix a date for holding such recall election[.]" *Id.* at § 6.07.

Johnson and others gathered 397 petition signatures seeking the recall of Vaughn, and the two petitions with accompanying signatures appear to have been submitted to Florida on or around July 29, 2014; they each reflect that they were "issued" to her as City Secretary, and they purport to bear her signature. In a letter

dated August 6, 2014, the Robertson County Elections Administrator certified that the petitions bore 349 qualified signatures. Because 1,041 votes were cast at the last municipal election on May 10, 2014, the recall proponents presented signatures totaling more than 30% of the number of votes cast at the last regular municipal election.

Vaughn requested a public hearing and declined to resign in a letter dated August 15, 2014. According to the Relators, the petition was scheduled to be discussed at city-council meetings on August 12, 16, and 18, but those meetings were canceled because Gomez, Werlinger, and Vaughn were absent, resulting in the lack of a quorum. The minutes for the August 18 meeting confirm that allegation for that date. At the August 19 meeting, the council voted 3-3 on the motion to place Vaughn's recall election on the ballot for the November 4, 2014 general election; the motion thus failed. Gomez, Werlinger, and Vaughn voted against scheduling the election. Vaughn's public hearing was scheduled for an August 29, 2014 special called council meeting, but when she did not attend, the meeting was adjourned.

To date the council has failed to pass a motion that schedules the recall election. The Charter requires that the recall election be held "not less than twenty-five nor more than thirty-five days from the date such petition was presented to the City Council or from the date of the public hearing if one was held." *Id.*

The Relators argue that the Respondents deliberately delayed the process of scheduling the recall election so that it could not be scheduled for the November 4, 2014 general election. The Respondents reply that the Relators have not shown that the Respondents will not schedule the recall election for the next uniform election date—the

May 2015 municipal election.  *See* TEX. ELEC. CODE ANN. § 41.001(a)(1) (West Supp. 2014), § 41.004(a) (West 2010).  The Relators note that Vaughn's term expires in May 2015 and that holding the recall election then will have allowed the Respondents to "run out the clock" and to thwart the Charter's recall provisions; they also note that the uniform election dates in the Election Code do not apply to an election held under a court order.  TEX. ELEC. CODE ANN. § 41.001(b)(3).

The Respondents argue secondly that, because there is a pending declaratory-judgment counterclaim[1] in a lawsuit in district court in Robertson County that challenges the sufficiency of the allegations against Vaughn, Hearne has no ministerial duty to schedule the recall election before the next uniform election date.  We disagree; the pendency of the declaratory-judgment counterclaim has no bearing on the city council's ministerial duty under the Charter to order the recall election and to fix a date for holding it.  *Duffy,* 828 S.W.2d at 214; *Burns,* 658 S.W.2d at 733-34.

In a similar case, the Beaumont court stated:

> A writ of mandamus will issue to compel a public official to perform a ministerial act.  *Anderson v. City of Seven Points,* 806 S.W.2d 791, 793 (Tex. 1991).  "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion."  *Id.* … The Charter provides no discretion for a council member who is not disqualified to refuse to vote to order the recall election.  The duty to call the election does not depend on whether a council member agrees or disagrees with the advisability of a

---

[1] The Counterplaintiff is identified as the "City Council of the City of Hearne."  We express no opinion on the declaratory-judgment counterclaim.  *See Burns v. Kelly,* 658 S.W.2d 731, 733-34 (Tex. App.—Fort Worth 1983, orig. proceeding).  And, we express no opinion on whether the "City Council of the City of Hearne" is the proper party to contest the sufficiency of the recall petition.  *See Duffy,* 828 S.W.2d at 214 n.3 (citing *Burns,* 658 S.W.2d at 733 (suit filed by council member); and *Blanchard v. Fulbright,* 633 S.W.2d 617, 620 (Tex. App.—Houston [14th Dist.] 1982, orig. proceeding) (suit filed by city in and through individual council members who were the subject of recall petitions)).

recall election. *See Duffy,* 828 S.W.2d at 213; *see also In re Porter,* 126 S.W.3d 708, 711 (Tex. App.—Dallas 2004, orig. proceeding [mand. denied]) ("The city council is bound by the terms of the charter as written."). When the petition is properly certified, as provided by the Charter, the Charter permits only one action by the City Council: it must "order and hold an election within forty-five (45) days to determine whether such officer[s] shall be recalled." Cleveland, Tex., Home Rule Charter art. IX, § 9.08. *See In re Porter,* 126 S.W.3d at 711 (City council had ministerial duty to call the recall election once the secretary presented a certificate of sufficiency.).

*Jones,* 335 S.W.3d at 775-76 (footnote omitted); *see also Stewart,* 2011 WL 3847449, at *3.

We likewise hold that, in this case, the Charter permitted only one action by the Hearne City Council, and that was to order and hold the recall election of Vaughn on November 4, 2014, as required by the Charter and sections 41.004(a) and 41.001(a)(1) of the Election Code. Because of the three "nay" votes of Gomez, Werlinger, and Vaughn at the August 19 council meeting, that action did not occur, and we agree with the Relators that, under the circumstances of this case, the recall election should not be further delayed by holding it in May 2015.

Accordingly, this Court directs Council Members Hazel Embra, Joyce Rattler, Lashunda White, and Michael Werlinger,[2] within seven days of the date of this opinion, to order the recall election of Council Member Maxine Vaughn and to fix the date for the recall election, which shall be held within thirty-five days of the date of this opinion.

After the recall election has been ordered and the date for holding the recall election has been fixed, Respondent Anna Florida, the City Secretary, shall immediately

---

[2] The parties have advised us that Mayor Ruben Gomez votes on council matters only if his vote affects the result. Because of our directive to the Council Members, Mayor Gomez's vote would not affect the result, and he therefore is not being directed to vote to order and fix a date for the recall election. Also because of our directive, Council Member Vaughn's vote would be moot.

file with the Clerk of this Court a certified copy of the City Council's official action ordering the recall election.

We conditionally grant the petition for writ of mandamus. If Respondents do not comply with this Court's directives, the writ shall issue.


REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Petition conditionally granted
Opinion delivered and filed February 2, 2015
[OT06]

